## Weinberger *against* Shelly.

In an action for malicious prosecution, the want of an averment in the narr. that the prosecution was carried on without probable cause, is cured by verdict, especially where it appears that evidence was given tending to prove a want of probable cause, and the court charged the jury that they should find for the defendant, unless they should believe that the prosecution had not only been carried on maliciously but likewise without probable cause.

Probable cause is, perhaps, a mixed question of fact and law; and where the facts are contested, the court should leave them to the jury with instructions as to what in law is probable cause.

The verdict cures the want of an allegation in the narr. that the prosecution was at an end, where it states an indictment returned "ignoramus."

ERROR to the Common Pleas of *Bucks* county, in an action on the case for malicious prosecution, brought by Peter Shelly against Samuel Weinberger, in which a verdict and judgment were rendered for the plaintiff. The declaration complained that "Samuel Weinberger minding and most wickedly intending him, the said Peter, most unjustly to damnify, oppress and impoverish, at a Court of General Quarter Sessions, held for Bucks county aforesaid, at the Court House in Doylestown, in said county, the 10th day of December 1839, before John Fox, Esquire, President Judge, and his Associates, the justices of the said court, the peace in the county aforesaid to keep, and divers felonies and other malfeasances in said county perpetrated to hear and determine, assigned, being a certain bill of indictment for larceny, containing the following false matter, to wit: (reciting the indictment) against him the said Peter, (together with a certain Charles Beidler) falsely and maliciously did cause to be written: which same bill of indictment, being so written, the said Samuel to the justices aforesaid did cause and procure to be exhibited, and that bill by the same justices to be exhibited to the jurors of the Grand Inquest, in due and legal manner sworn or affirmed, and charged to inquire for the said county, &c., and the body of the county aforesaid, by the same jurors to be inquired of and the truth whereof to the justices aforesaid by the same jurors to be presented, falsely and maliciously did cause and procure, and the said Samuel the jurors aforesaid to find and present, that that bill of indictment was a true bill, then and there falsely and maliciously did labour. Which same jurors after a diligent inquiry of the matter in the bill of indictment aforesaid laid and contained, upon the back of the said bill did endorse and present to the justices aforesaid, that they were ignorant thereof, or in other words, "ignoramus." By pretext of which premises the said ·Peter,

[Weinberger v. Shelly.]

divers great sums of money to expend, to wit: $100 for the pro-
curing of counsel in his defence, besides other large sums of mo-
ney in about said defence necessarily incurred, and divers troubles
and labours to undergo, was compelled, and also in transacting
several his honest and lawful affairs and business was greatly hin-
dered.   Wherefore, he saith he is worse and hath damage, $2000.
And, therefore, he brings this suit, &c."

The defendant pleaded not guilty.   The whole evidence, which
was voluminous, was brought up with the record.   The following
charge of the court contains all of it that is material;

" This is a special action on the case for malicious prosecution.
The outline of the case is: Weinberger was the owner of a cow,
Beidler wanted that cow.   On the one side it is contended that
Weinberger sold the cow to Beidler; on 'the other it is denied.
On this subject you have heard the evidence and it is submitted
to you.   Beidler and Shelly, the plaintiff, drove off the cow, Beid-
ler having sold the cow to Shelly, to whom he swears he was $20
in debt.   You have heard how Shelly took the cow home and
how Weinberger obtained her, how Weinberger stated his case to
'Squire Clymer, how the 'Squire proceeded, applied to Wright the
Deputy Attorney General for information, how he wrote to him
and how Shelly was finally bound over and a bill sent to the
Grand Jury which was returned 'ignoramus.'   This is a mere
outline.   You will attend to the detail of the whole evidence given
and you are its judges.   From the whole of the evidence has the
plaintiff made out such a case as to entitle him to a verdict?   Has
he proved malice in the proceeding of the defendant in binding
over the plaintiff and presenting the case to the Grand Jury, and
was there a want of probable cause?   The plaintiff must prove
both to entitle him to a verdict.   Now as to *malice*, the inquiry
on that subject is for the jury.   It belongs not to the court.   It is
the peculiar province of the jury; to you it belongs.   It is to be
collected from all the facts and circumstances proved.   Probable
cause has been considered a mixed question of law and fact.   It
is the duty of the jury to judge of the facts proved, to weigh the
circumstances, to inquire into the truth of the evidence.   This
court cannot do better than to express themselves in the language
of Judge *Washington*, in *Munns* v. *Dupont*, ' That actions of this
kind for malicious prosecution are of a very delicate nature.   On
the one hand if they are too much encouraged, there is great dan-
ger, not only that individuals engaged in the prosecution of crimi-
nal charges may suffer injury, but that the public may suffer
much more.'   The Commonwealth acts by the agency of private
individuals, her sworn Deputy Attorney General, who conducts
the legal proceedings after the charge is brought before the court.
In prosecutions instituted for offences against individuals, some-
body first prosecutes; but if actions for malicious prosecutions be
too much encouraged, who will give information without insurance

[Weinberger v. Shelly.]

against damage? The consequence would be that few offences would be prosecuted or punished. On the other hand, if a proper degree of encouragement is not given to suits of this nature; if, on a slight or unfounded suspicion, a person is to be prosecuted criminally; his fame, his liberty and property may be sacrificed and the injured party can obtain no redress; therefore a proper degree of attention ought to be paid by a jury to the respective rights of both parties. The plaintiff in such cases must prove that his prosecution was influenced by malicious motives, and the jury must be satisfied of such being the truth, and that the prosecution was without probable cause, before they give a verdict for the plaintiff. If malice is proved, it is not enough; it must be shown that there was want of probable cause to suspect the person charged. If probable cause is shown, notwithstanding the jury may presume malice, yet that will not be sufficient to justify a verdict for damages. What is probable cause? It has been defined to be the ' existence of circumstances and facts sufficiently strong to excite in a reasonable mind suspicion that the person charged with having been guilty was guilty.' If Shelly by his folly or fraud exposed himself to a well-grounded suspicion that he was guilty, the prosecution was founded on probable cause.

Before we proceed further in our instructions to you, we will dispose of the defendant's points.

1. That if the defendant had any reasonable ground for the prosecution, the verdict must be for the defendant.

2. That if the jury believe the witnesses for the defendant, there was probable cause for the prosecution and therefore there must be a verdict for the defendant.

3. That in this action it is not necessary for the defendant to fix larceny upon the plaintiff. If by the plaintiff's folly or fraud he exposed himself to a well-grounded suspicion that he was guilty, the prosecution is founded on probable cause and the verdict must be for the defendant.

We answer these three points together. We believe they are already substantially answered. We have and do instruct the jury that to sustain this action, there must be a want of probable cause. If the case rested on the defendants' witnesses alone, we think there would be probable cause; but the court and jury in deciding whether there was probable cause, must take into consideration the whole evidence. We agree it is not necessary for the defendant to fix larceny upon the plaintiff; and we have instructed you that if the plaintiff by his folly or fraud exposed himself to a well-grounded suspicion that he was guilty, the prosecution is founded on probable cause.

4. If the jury believe that the defendant made a fair statement of the facts of the case to the Deputy Attorney General, who upon that gave such directions to the justice of the peace as

[Weinberger v. Shelly.]

induced him to bind the plaintiff over, the verdict must be for the defendant.

5. If upon a fair statement of the facts by the defendant to the Attorney General, he (the Attorney General) gave the magistrate instructions to bind the plaintiff over, the verdict must be for the defendant.

7. That if the jury believe that the defendant made the charge against the plaintiff before the justice of the peace, fairly stated the facts and conceived that it amounted to larceny, and the prosecution was then carried on by direction of the officers of the Commonwealth, the verdict must be for the defendant.

9. If the prosecution was continued by direction of the Attorney General after it was commenced, the bill of indictment must be considered as having been sent by him in his official character and that the defendant had no control over it, the verdict must be for the defendant.

10. If the facts were fairly stated to the Deputy Attorney General, and upon such statement he directed the parties to be bound over or gave such direction as induced the justice to bind over, it is conclusive evidence of probable cause and the verdict must be for the defendant.

These five points embrace the same subject matter, and the court will answer them together. We agree if the defendant made a fair statement to the magistrate and the Deputy Attorney General, and these law officers of the State proceeded on that statement and the defendant believed it was larceny and the officers took charge of the case, the defendant will be entitled to a verdict. We have already instructed you that to support this action, the jury must be satisfied the defendant acted maliciously. We instruct you that when a person makes an honest statement of an alleged offence having been committed, to the proper officers of the law and they take up the prosecution, he will not be liable to an action for a malicious prosecution.

6. That in order to recover in this cause, the plaintiff must prove both malice and want of probable cause, and if malice be proved, still the defendant must have a verdict, unless want of probable cause be also shown.

8. If there was probable cause at the time the bill of indictment was sent to the Grand Jury, the verdict must be for the defendant, whether there were probable cause or not at the commencement of the prosecution.

12. From the want of probable cause malice may be inferred, but to justify such an inference the evidence of want of probable cause must be clearly made out.

13. Innocence of the plaintiff is no ground to support the action, if there be either probable cause or no malice proved.

15. Slight evidence of probable cause is sufficient evidence to prevent a verdict against the defendant.

16. Whether there is probable cause is a question of law to be decided by the court. From the uncontradicted testimony in the cause probable cause is shown in this case.

We think all these points are fully answered. We have instructed you that the plaintiff must prove, to entitle him to a verdict, malice and want of probable cause; that malice is a question of fact, and that probable cause is a mixed question of law and fact; that when the jury find the facts in a certain way, then the law arises and the court declare it. As there is but one count in the plaintiff's declaration, we agree if there was probable cause when the bill was sent up, the plaintiff ought not to recover. Our general charge and our answers to other particular points in connexion with this answer, fully answer these points.

11. If from the evidence the jury should believe that the plaintiff knew the cow belonged to the defendant, and with a view fraudulently to obtain the possession of her, contrived with Beidler to have her secretly driven from the field of the defendant when he knew he was absent from home, it would be larceny and the verdict must be for the defendant.

If the facts warranted this point, it might possibly be larceny, if a jury found a felonious intent. Such facts, if found by a jury, would be clear probable cause and would clearly entitle the defendant to a verdict. We do not think the evidence warrants the point, because the cow was driven off in open day.

14. The paper given in evidence varies from that set out in the indictment.

17. That the plaintiff was bound to show that the prosecution was at an end and that the party had been regularly discharged by order of the court.

18. That the plaintiff cannot recover under the narr., as it does not state the defendant was acquitted.

19. That the narr. avers the indictment to have been preferred in the court of General Quarter Sessions, a court which has no existence.

Some of these objections are at least hypercritical. No objection was made to the evidence on the ground of a defective declaration until the counsel began to address the jury nor was it read until then; by the paper given in evidence is, we believe, meant the indictment. There was no objection of this kind taken to its being read. The indictment shows that it was found ' ignoramus,' and we think it is sufficiently shown that it was an evidence of the prosecution. We deem the narr. sufficient and there is nothing in the 19th exception. We therefore dismiss these technicalities and put the case to you on its merits.

The plaintiff insists that the bill being thrown out by the Grand Jury is sufficient evidence of the want of probable cause in the defendant. The bill being thrown out is an inference of the want of probable cause. We do not deem it sufficient of itself to sup-

[Weinberger v. Shelly.]

port the action. There must be shown by the plaintiff other evidence of want of probable cause. The law requires that the defendant should have reasonable ground of suspecting the plaintiff at the time he continued the prosecution by indictment; or malice will be imputed when there is no probable cause. In this cause if you are satisfied that the defendant had reasonable ground to suspect the plaintiff and he brought that upon himself by his folly or fraud, and the defendant did act truly in stating the case to the officers of the law and acted under their directions, although we are clearly of opinion there was no larceny, your verdict should be for the defendant."

The defendant excepted to the charge.

Errors assigned:

1. The court erred in entering judgment for the plaintiff.

2. They should have charged that there was probable cause shown, and should have directed a verdict for the defendant.

*J. Fox* and *Wright*, for the plaintiff in error, contended that the court was bound to determine whether or not there was probable cause; they cannot leave it to the jury. Well-grounded suspicion is probable cause, and that existed here. 2 *Wend.* 424; 1 *Ibid.* 140, 345; 8 *Cow.* 142. Besides, the narr. is defective in not stating that the prosecution was without probable cause; that being the ground of the action. 2 *Penn. Black.* 524; 2 *Chitt. Pl.* 297, *note;* *Oliver's Prec.* 377. Again, alleging that ignoramus was returned, is not sufficient; there must be a discharge by the court to maintain malicious prosecution. 1 *Nott & M'Cord* 36; 2 *Ibid.* 143; 4 *Greenl.* 226, *cited Selw. N. P.* 256; 2 *Yeates* 475.

*Chapman,* contra. The court below properly charged, that on the defendant's evidence there was probable cause, but not on the plaintiff's. It is their duty, where the evidence is doubtful, to leave it to the jury. 4 *Munf.* 59. As to the declaration, it was copied from Read's Precedents, and no averment of the want of probable cause is made in declarations where the ground of suit is preferring a bill of indictment which is returned ignoramus: for the onus of showing probable cause is then thrown on the defendant. So of a discharge by the magistrate after arrest. 2 *Murphy* 248; 2 *Johns.* 203. By the plea and going to trial this objection was waived. 6 *Binn.* 28; 2 *Cro.* 370; *Cro. Car.* 288; 3 *Vin. Ab.* 12; 1 *Chitt. Pl.* 402. In conspiracy, the words "probable cause" were omitted, yet the narr. was held good. 1 *Binn.* 174.

The opinion of the Court was delivered by

KENNEDY, J.—Action on the case, brought by the defendant in error against the plaintiff in error, for a malicious prosecution. First, it is alleged that the court below erred because they did not charge the jury that probable cause was shown, and that there-

[Weinberger v. Shelly.]

fore they ought to find for the defendant. It appears to us that if the court had so charged the jury, they would have erred: for evidence was given on the part of the plaintiff, tending to show that the defendant had determined on prosecuting the plaintiff for stealing the cow, whether there was probable cause or not for so doing, and that the defendant, from his knowledge of the circumstances attending the taking of the cow, had no reason to believe that she was stolen or taken feloniously. Probable cause is a mixed question of law and fact; and as often as the facts in relation thereto are contested, they must be decided by the jury, and if found to exist, it remains for the court to instruct the jury whether or not, in law, they amount to probable cause. *Munns* v. *Dupont*, (3 *Wash. C. C.* 31). Whether the facts and circumstances showing the existence of probable cause, in this case, were true or not, was a matter seriously contested; so that the court did right in referring them to the jury, and, at the same time, instructing them, as they did, what was necessary to be found in order to establish probable cause, in law.

Secondly, it is alleged that the declaration contains no averment that the prosecution was commenced and carried on without probable cause. This omission would doubtless have been fatal on demurrer, but is it not cured by the verdict? Sergeant WILLIAMS, in his note to *Stennel* v. *Hogg*, (1 *Saund*. 296 *a*), lays down the following rule, in support of which he there cites a great many authorities. "Where there is any defect, imperfection or *omission* in any pleading, whether in *substance* or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required on the trial proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the Judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict by the common law; or, in the phrase often used upon the occasion, such defect is not *any jeofail* after verdict." And accordingly it was ruled by this court, in *Carson* v. *Hood's Ex'rs.*, (4 *Dall*. 108), that after verdict it will be presumed everything was done at the trial which was necessary to support the action, unless the contrary appears on the record. But in the case before us, the aid of such presumption can scarcely be said to be needed; for the bill of exception taken to the charge of the court, which was delivered to the jury, has made the same a part of the record, and from it it appears that evidence tending to prove a want of probable cause was given, and that the jury were expressly instructed by the court, that unless they should be of opinion from the evidence that the prosecution had not only been commenced and carried on maliciously, but likewise without probable cause, their verdict ought to be in favour of the defendant below. It therefore may be said to appear from the record itself of the cause, that the question whether there was

[Weinberger v. Shelly.]

reasonable and probable cause for the prosecution or not, was submitted to, and passed on by the jury, under the requisite instruction given in relation thereto by the court.

Again, it has been alleged for error that it is not averred in the declaration that the prosecution was at an end. It is alleged in the declaration that the grand jury ignored the bill of indictment, or returned thereon "ignoramus." But even admitting this to be insufficient to show that the prosecution was at an end, which is going further than would seem to be reasonable, the verdict being for the plaintiff below, the necessary inference is that it was proved on the trial that the original prosecution was at an end. *Vide* Sergeant Williams's note (1) to *Stennel* v. *Hogg*, (1 *Saund. Rep.* 228 *a*).

Judgment affirmed.