## Quick *versus* Miller.

1. Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection on demurrer, yet if the issue joined be such as necessarily required on the trial, proof of the facts so defectively stated, or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect or omission is cured by the verdict, by the common law.

Weinberger v. Shelly, 6 W. & S. 336, followed.

2. In an action against a husband and wife for slander uttered by the wife, the narr. omitted to aver the absence of the husband, at the time the words were spoken. Defendants pleaded justification, and a verdict was rendered for plaintiff. Judgment against the husband being arrested by the court below: *Held*, to be error, as the verdict cured the omission.

3. By the Act of April 11th 1848 (P. L. 536), no exemption is given the husband from liability for the wife's torts, except that where a judgment is obtained against him for such torts, execution must first issue against her property.

4. Under the Act of June 8th 1881 (P. L. 80), the recognizance in error must be sufficient, merely, to secure the payment of all costs that can be legally taxed against the party who obtains the writ, as shown by the record which he proposes to remove.

March 16th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Susquehanna county*: Of January Term 1883, No. 80.

This was an action on the case, in slander, by Temperance Quick, against Susan Miller and Lewis B. Miller, her husband, for slanderous words spoken by the wife.

The declaration complained of " Susan Miller and L. B. Miller, her husband, the defendant in this suit," and was in three counts, the first averring that " the defendant," and the second and third, that " the said Susan Miller, did speak, utter and with a loud voice publish and proclaim the following false, scandalous and defamatory words" (setting out the words).

There was no allegation that the words were uttered without the direction and not in the presence of the husband. Defendants pleaded not guilty, with leave to justify. A verdict was rendered for the plaintiff in the sum of $1,000. And

[Quick *v.* Miller.]

upon motion, the court arrested the judgment as to L. B. Miller, on the grounds: *First.* That the declaration failed to show that the words were spoken by Susan Miller in her husband's absence: *Second.* That the declaration showed no cause of action as to L. B. Miller. The opinion on this motion, which was delivered by HAND, J., was, inter alia, as follows:

"The suit is brought against Susan Miller and her husband, Lewis B. Miller. This is the proper form of action and joinder of parties where the tort is by the wife in the absence of and not under the control of the husband, and in that case it is proper to aver the injury to be done by the wife. Assuming then that the law holds the husband responsible for damages done by the tort of the wife, if this declaration avers the utterance of the words by the wife in the absence of the husband, this verdict could clearly stand. Is it necessary to so aver? It is clearly necessary to prove the utterance by the wife in the absence of the husband, for if uttered in his presence there is a misjoinder of the wife. If the declaration lays the words as uttered by the wife, with no averment as to the absence of the husband, it is possible a verdict would cure the want of such averment, the fact being proved by the evidence and the verdict not being supportable on any other basis. . . . . . And we do not apprehend that this would be the case when the declaration either by positive averment asserts that the words were uttered by both defendants, or by ambiguity of language or inconsistent averments leaves it in doubt who uttered the words. . . . A verdict may stand that is not inconsistent with the declaration, but one that is inconsistent, we do not consider is supported, whether at common law, under the statute of Jeofails, or by pleading over. . . . As this declaration stands, the averments are conflicting. It avers utterance by both defendants, if we amend from the singular number to the plural, and by Susan Miller. If uttered by her it is left in doubt as to whether they were uttered in the presence or absence of the husband. A natural conclusion would be they were uttered in his presence . . . . We cannot believe that when the legislature as an act of justice deprived the husband of the right to the wife's property, they intended to imprison him in a civil action for the wife's slander. . . . We must hold that in tort for slander by the wife in the absence of the husband, he is not liable, or we must enforce this judgment by arresting and imprisoning the husband, or must repeal the law allowing a capias or, if bound to enforce that act, hold that it is essential that no ambiguity is allowable in the declaration, and the averment must be clearly made that the tort was committed by the wife in the absence of the husband. We choose the latter. The husband for his own reputation would have the right to know

[Quick *v.* Miller.]

and have it known from the record why he was under arrest. . . . . But if the husband must be joined and held to liability the reasons are trumpet-tongued why he should be so joined on the record as to show his liability is not of his own fault. . . . . We now hold that since the act of 1848, in case of slander by the wife, in the absence of the husband, the pleadings must conform strictly to the new law and aver all that is required to be proved. Only so can we protect the rights of husband against the rigor of the law."

The plaintiff thereupon took this writ, assigning for error the action of the court in arresting judgment as to L. B. Miller ; and entered recognizance in $100, being more than double the amount of costs for which plaintiff could be taxed, in the event of the affirmance of the decree of the court below.

Defendants' counsel moved to quash the writ of error, on the ground that the recognizance was not in double the total costs accrued, as required by the Act of June 8th 1881 (P. L. 80).

*Blakeslee & Davies*, for plaintiff in error.—The husband is liable for the torts of his wife, since, as well as before the Act of 1848 : Keen *v.* Hartman, 12 Wr. 497. The proviso of that Act expressly acknowledges such liability. There is no authority for requiring a declaration in slander to state that the words were spoken by the wife without the direction and not in the presence of her husband. At any rate, a defect in form in a declaration, amendable in the court below, is cured by the verdict : Folkard's Starkie on Slander, page 748, § 748 ; Kelsey *v.* National Bank, 69 Pa. St. 426.

*McCollum & Watson* (with whom were *W. H. & H. C. Jessup*), for defendants in error. —The writ should be quashed because the total amount " of costs accrued " is in excess of the recognizance : Act of June 8th 1881. The intention of the legislature was to discourage the removal of causes, except upon penalty of paying, upon affirmance, all the costs that have accrued. An action of slander would lie against a husband and wife, for slanderous words spoken by the wife, before the Act of 1848, because by marriage the husband acquired absolute control over the personal property of the wife, and even over her person to the extent of corporal punishment. But by that Act the husband's rights in his wife's property were taken away, and with them the reason for his liability for her debts and torts. The proviso to the Act of 1848 does not designate what torts are referred to, and we submit that it is a proper question for judicial decision to determine, whether slander or only trespasses are intended. The declaration should have averred the absence of the husband when the words complained

[Quick *v.* Miller.]

of were spoken by the wife, and the omission to do this is such
a defect in substance as is incurable by a verdict: Say. 282;
Arch. Pl. 166; 2 Salk. 662. This is in analogy to the form of
pleading required under the Act of 1848 in reference to actions
for necessaries.: Murray *v.* Keyes, 35 Pa. St. 384.

Mr. Justice TRUNKEY delivered the opinion of the court,
April 16th 1883.

The plaintiff in the declaration, "complains of Susan Miller
and L. B. Miller, her husband, the defendant in this suit," for
that the said Susan Miller did speak, utter and publish certain
false, scandalous and defamatory words of and concerning the
plaintiff. Each count avers that the defamatory words therein
set forth, were spoken and published by the said Susan Miller,
but does not allege that said words were uttered without the
direction and not in the presence of her husband, said L. B.
Miller. The defendants pleaded, "Not guilty, with leave to
justify." A verdict was rendered for the plaintiff, and judg-
ment arrested as to L. B. Miller, for the reasons: 1. That the
declaration fails to show that the words were spoken by Susan
Miller in her husband's absence and without his direction; and,
2. That the declaration shows no cause of action against L. B.
Miller.

1. The action was against husband and wife for a tort; if
the tort of the wife, her husband was a necessary party; if the
tort of the husband, his wife was improperly joined; and if she
did the act in her husband's presence, prima facie, he was alone
liable. In all the counts it is averred that the defendant, said
Susan Miller, did the wrong complained of; her husband is
joined in the suit, but is not charged with having committed
the injury. It was necessary to prove that the wife uttered
the words in the absence of her husband, so far as appears in
this case. Had they been uttered in his presence and against
his will and power of restraint, the case would be different.
Conceding that the fact of the husband's absence when his wife
uttered the words, ought to have been averred in the narr.,
the omission is cured by the verdict: Weinberger *v.* Shelly,
6 W. & S. 336. There, the action was for malicious prosecu-
tion and the declaration contained no averment that the prose-
cution was commenced without probable cause. This court
approved the rule that, "Where there is any defect, imperfec-
tion or omission in any pleading, whether in substance or form,
which would have been a fatal objection upon demurrer, yet if
the issue joined be such as necessarily required on the trial
proof of the facts so defectively or imperfectly stated or
omitted, and without which it is not to be presumed that either
the judge would direct the jury to give or the jury would have

given the verdict, such defect, imperfection or omission is cured by the verdict by the common law." And " after verdict it will be presumed everything was done at the trial which was necessary to support the action, unless the contrary appears on the record." In an action for malicious prosecution it is quite as essential to aver and prove want of probable cause for the prosecution, as, in an action for slander by words spoken by the wife, to aver and prove absence of her husband. Then it must be taken as settled that after a trial upon the merits, such an omission, whether in substance or form, will not defeat the verdict. The justice of the rule is illustrated by this case, which had already been tried twice before a jury, and the omission could not have misled or prejudiced the defendants. To the declaration they pleaded in effect, that Susan Miller did not utter the words as charged, but should it be proved that she did, they would establish the truth of said words. And now L. B. Miller, in his history of the case, insists the verdict was wrong because the jury did not find, from the evidence given in justification, that the words expressed the truth. Here, the point for consideration arises upon the record, not upon the conflict of testimony or credibility of witnesses.

2. The defendant in error claims that by operation of the statute relative to the rights of married women, a husband is no longer liable for the torts of his wife. With this view the learned judge of the Common Pleas was so impressed as to " hold that since the Act of 1848, in case of slander by the wife in the absence of the husband, the pleadings must conform strictly to the new law and aver all that is required to be proved. Only so can we protect the rights of the husband against the rigor of the law."

In the argument, the defendant cited the decisions under the statutes in some other states, showing that the operation of said statutes was to give a married woman the power of control and disposition of her property, to make contracts, to sue and be sued, as if a feme sole, and to discharge the husband from liability for the torts of the wife, during coverture, which he neither aided, advised nor countenanced. An examination of the references,—for instance, Martin *v.* Robson, 65 Ill. 129,—reveals that those statutes have a broader sweep than any which are in force in Pennsylvania.

The purpose of the Act of April 11th 1848, was to protect the wife's property against her husband's creditors, not to enable her to enter into contracts respecting it as though she were a feme sole. It enabled her to hold property, not as a feme sole, but as if it were settled to her separate use as a feme covert: Bear's Adm'r *v.* Bear, 33 Pa. St. 525 ; Pettit *v.* Fretz, Id. 118. There has been no general removal of her disabilities

as imposed by the common law. All remain, except certain cases specified in the statutes. She has no power to contract debts, except in few instances. She may contract a debt for necessaries for the support of her family, but in such case execution, upon the judgment recovered, shall first issue against the husband alone, and if no property belonging to him can be found, then an execution may be issued and levied upon the separate property of the wife. The earnings of married women in all cases are the property of their husbands, except where a petition by a married woman has been presented to the court and recorded, as provided by the Act of April 3d 1872. And the husband is not relieved from any duties or liabilities, except the provision that he shall not be liable for the debts of his wife contracted before marriage, and that if a judgment be obtained against him for the torts of his wife, execution shall first be had against her property.

Throughout the statute, whatever things are taken out of the operation of the general principles of the common law relative to the respective rights, disabilities and liabilities of husband and wife, are sharply defined. Its purpose, limits and specifications plainly show that no exemption is given the husband from liability for his wife's torts, other than is expressly named. By no pertinent rule of interpretation can the statute be held to abrogate the common law relative to the marriage relation. It makes some material and important changes or exceptions, and, subject only to these, the law remains as before. Nothing can be found that requires any change in the pleadings where a husband and wife are sued for the wife's tort, or that calls for greater strictness in averments, or that overrules the doctrine in Weinberger *v.* Shelly, 6 W. & S. 336. Were it necessary for preservation of the fruits of the trial and verdict, the rulings with reference to the pleadings should be pervaded with like spirit as the statutes providing for amendments.

It is unnecessary to remark the singular result that a judgment upon the verdict was permitted against the wife alone, in a case where, had she been sued alone, she could have defeated the action by a plea of coverture.

The defendant moved to quash the writ of error because the plaintiff did not enter into recognizance in double the amount of costs that had accrued, as required by the Act of June 8th 1881. It may be well to indicate the reasons why the motion was refused. The recognizance was in the sum of $100, with the prescribed condition, except the stipulation "for payment of all costs that have accrued in the cause." That it is sufficient to secure payment of all the costs that can be legally taxed against the plaintiff, in case of affirmance, is not gainsaid. The action is against husband and wife, verdict against both, and

[Harwood's Appeal.]

judgment arrested as to the husband. Feeling aggrieved by the order in arrest of judgment, the plaintiff sued out this writ. In case of either affirmance or reversal she will only be liable for the costs accrued after suing out the writ, for she was liable for no costs as the judgment stood in the court below.

The Act in its intendment requires a recognizance conditioned for payment of all costs which have accrued which the plaintiff in error is bound to pay, as the record stands which he proposes to remove. Should he fail to prosecute his writ with effect the judgment will remain just as before the writ was taken, and he will be liable for no more costs than before, save what accrued on the writ. The defendant claims that "the intention of the legislature was to discourage the removal of causes, except upon the penalty of paying, upon affirmance, of all costs that have accrued;" that is, if this case should be affirmed, the plaintiff shall pay the costs which had accrued, amounting to $1,726.19, as the penalty for removing her cause. If this be so, every party who obtains a judgment that carries costs in his favor, although he believes it is for a small fraction of what is justly his due, to obtain a review in the appellate court must obligate himself for payment of all costs in the cause, accrued and to accrue, in the event of affirmance of the judgment. This, indeed, would discourage removals by parties who had been erroneously deprived of only a portion of their rights, but not by those who had been wholly deprived. A party already liable for the accrued costs would incur no risk of a penalty by taking a writ of error. We discover nothing in the statute indicative of an intent to require security for any costs other than such as are and may be legally taxable against the party who obtains the writ.

The order for arrest of judgment as to L. B. Miller, one of the defendants, is reversed.