# Appeal of Franklin's Administrator.

1. A married woman received government bonds, as a trust fund, to the interest of which she was entitled during her life, the same to be returned at her death. She converted them into money, and gave a receipt for the same, in which her husband joined, acknowledging the conversion of the bonds, and promising that the proceeds of the same should be returned at her death. Upon the distribution of her estate, it was *held* (*a*), that the conversion of the bonds into money, and the promise of herself and husband to return the same, did not affect her obligation or liability so to do. (*b*) That she was guilty of a wrongful conversion of the trust fund, and that her estate was liable for the same. (*c*) That the mere fact of her husband joining with her in said acknowledgment and promise to return the proceeds of the bonds, did not raise a presumption of his presence at the time the wife committed the tort, or that he directed her so to do.

2. When a tort is committed by the wife, she is personally liable, unless her husband was both personally present and directed the doing of it at the time. His presence furnishes evidence and raises the presumption of his direction; but it is not conclusive, and the truth may be established by competent evidence.

June 3d, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Dauphin county*: Of May Term 1886, No. 18.

Appeal of George M. Franklin, *d. b. n. c. t. a.* of the estate of Anne Franklin, deceased, from the decree of said court sustaining exceptions to the report of the Auditor, Robert Snodgrass, Esq., distributing the said estate.

The following are the facts as they appear in the court below:

Mrs. Anne Franklin died, in 1853, testate. In a codicil to her will she provided, *inter alia*, as follows:

I direct the executors of my said will to retain three thousand dollars of the proceeds of the sale of my aforesaid house and lot of ground in trust, that they pay the annual interest and income thereof to my two daughters, Anne and Elizabeth, during life, and to the survivor of them during the life of the survivor; and also in trust, that the said executors shall, at the request of my said daughters, or the survivor of them, invest said sum, or any part thereof, in the purchase of real estate for the use of my said daughters and the survivor of them during life, and at the decease of the survivor of them, my said two daughters then in trust that said principal sum, or any part thereof not invested as aforesaid, and the proceeds of the sale of any real estate purchased and then held in trust as aforesaid, and which real estate I order and direct the said

executors of my said will or the survivor of them to sell and convey to the purchaser in fee, shall be divided and distributed among my surviving children and the issue of any then dead, in such manner and proportions as is directed in my said will in respect to the residuum of my estate.

The will and codicil were duly probated, and letters testamentary were issued to the executors therein named.

At the death of Mrs. Anne Franklin, Anne E. Franklin and Elizabeth R. Franklin, the *cestuis que trustent,* were unmarried. The executors accepted the trust and invested $3,000 in the purchase of real estate under the will. In June, 1861, Anne E. married Amos S. Henderson, and her sister Elizabeth after that made her home with her.

The real estate, a house, thus becoming unnecessary as a home for the sisters, the executors sold it under an order of court, and invested the $3,000, the trust fund, in three $1,000 United States 7–30 treasury notes. These notes the executors afterwards delivered to Mrs. Henderson and Miss Franklin, and took the following receipt:

Received, Lancaster, May 1st, 1865, from the executors of the will of Anne Franklin, deceased, three $1,000 7-30 treasury notes, which they invested under the provisions of said will, and the interest of which is to be retained by us, the bonds to be returned to the said executors by the survivor of us as directed by said will.

ANNE E. HENDERSON.
ELIZABETH R. FRANKLIN.

Elizabeth R. Franklin, soon after giving this receipt, died. Mrs. Henderson, the surviving *cestui que trust,* retained the trust securities, and on August 5th, 1881, the United States having paid the notes and the fund having been removed, she and her husband gave the following paper:

The executors of the will of Anne Franklin, deceased, hold a receipt of which the following is a copy, viz.:

Received, Lancaster, May 1st, 1865, from the executors of the will of Anne Franklin, deceased, three $1,000 7-30 Treasury Notes which they invested under the provisions of said will, and the interest on which is to be retained by us, the bonds to be returned to the said executors by the survivor of us as directed by said will.

ANNE E. HENDERSON.
ELIZABETH R. FRANKLIN.

And whereas Elizabeth R. Franklin is now deceased, and the investment in said three thousand dollars in 7-30 treasury notes has been changed, now the said Anne E. Henderson and her husband, Amos S. Henderson, acknowledge that we

have in our hands the sum of three thousand dollars, the interest on which is to be retained by the said Anne during her life for her own use, and the principal on her decease is to be returned to the said executors to be distributed according to the provisions of the said will of Anne Franklin, deceased.

Witness our hands this 5th day of August A. D. 1881.

ANNE E. HENDERSON.<br>AMOS S. HENDERSON.

Amos S. Henderson died in January, 1885, insolvent, and Anne E. Henderson died in June, 1885, leaving a will in which Clara Franklin was the residuary legatee.

George M. Franklin was appointed administrator *d. b. n. c. t. a.* of the estate of Anne Franklin, November 23d, 1885.

George Nauman, executor of the will of Anne E. Henderson, filed his account showing a balance of $9,181.11 for distribution. At the audit it was shown that this balance was almost entirely made up of the proceeds of a policy of life insurance on the life of Amos S. Henderson, deceased, received by Mrs. Henderson after his death.

The administrator of Anne Franklin claimed the $3,000 because Anne E. Henderson had received it knowing and acknowledging that it was a trust fund, agreeing to hold it and return it under the trust. This claim was resisted by Clara Franklin, the residuary legatee under the will of Anne E. Henderson.

The Auditor awarded $3,000 to the administrator of Anne Franklin. To this, exceptions were filed which were sustained, and this sum of $3,000 was awarded to Clara Franklin by the court, SIMONTON, P. J.

The administrator of Anne Franklin thereupon took this appeal, assigning for error the decree of the court sustaining the exceptions to the Auditor's report, and distributing $3,000 to Clara Franklin.

*H. M. North* ( *W. A. Atlee* and *W. M. Franklin* with him), for appellant.—A married woman may be a trustee. She is liable for waste committed on the trust fund during her coverture, and she and her estate is liable for a tortious conversion of the trust fund : Hill on Trustees *49 ; Dundas *v.* Biddle, 2 Barr, 160 ; Still *et ux. v.* Ruby *et al.*, 11 Casey, 373 ; Adair *v.* Shaw, 1 S. & R., 243.

Mrs Henderson was a volunteer. It is well settled that if an estate in trust be conveyed to a volunteer, he will be bound by the trust although he had no notice of it. If the grantee of such an estate for full value have notice of the trust, he is bound just as the grantor is bound. Mrs. Hender-

son took the trust fund knowing it, and promising to execute the trust. A trust already in existence and annexed to the present subject matter is created *de novo* as against a person who takes by a title derivative from the original trustee: Sadler's Appeal, 6 Norris, 154; Cobb *v.* Nonemaker, 28 P. F. S., 501; Lewis on Trustees, 205; Mausell *v.* Mausell, 2 P. Wms., 678; Daniels *v.* Davidson, 16 Vesey, 249.

*D. G. Eshleman,* for appellee.—Mrs. Henderson was not a trustee. To call her a trustee is a misapplication of the term, a metaphor as it is called in Knox *v.* Gye, L. R., 5 H. L., 676.

The identity of the fund is lost, and there cannot be any further pursuit: Thompson's Appeal, 10 Harris, 16; Farmers' & Mechanics' National Bank *v.* King, 7 P. F. S., 202; People's Bank's Appeal, 12 Norris, 107.

She is not liable on her agreement to return the fund, for a married woman has no capacity to contract: Gladdon *v.* Shimpler, 2 P. F. S., 400; Boyer *v.* Clark, 29 P. F. S., 340.

Mr. Justice TRUNKEY delivered the opinion of the court October 4th, 1886.

The executors of the will of Anne Franklin, deceased, invested the trust money in United States Treasury Notes. These notes on May 1st, 1865, were delivered to Anne E. Henderson and Elizabeth R. Franklin, who were entitled to the interest and income, on the express terms that they should retain the interest, and that the survivor should return the notes to the executors as directed by the said will. Soon after, Miss Franklin died, and the notes passed into the hands of Mrs. Henderson. On the 5th of August, 1881, Mrs. Henderson and her husband, reciting the prior receipt and that the investment had been changed, acknowledged that they held " three thousand dollars, the interest on which is to be retained by said Anne during her life and the principal sum upon her decease is to be returned to the said executors, to be distributed according to the will of Anne Franklin, deceased."

That Anne E. Henderson knew the notes were trust property, under the said will, is clear. It was her duty as survivor, to return them to the executors, or hold them so they could be returned after her decease. Her acknowledgment, with her husband, that she had changed the investment and held the money to be returned to the executors, put no new face on the transaction. It left her just as she stood immediately after the conversion of the notes. She had no right whatever to appropriate the notes to her own use, or the money she received for them. Because of her coverture her contract to

return the notes was void, so was her promise to return the sum of three thousand dollars which she received for the notes; but the executor gave her no authority to dispose of the notes, or to use the proceeds. If she used the trust fund, or gave it away, or destroyed it, her act was a wrongful conversion.

There is nothing in the case showing that she committed the *tort* by coercion of her husband. The presumption of coercion does not arise unless it appear that he was present at the time of the offence committed. In the absence of evidence that he was present, there is no presumption.

Upon the facts found by the Auditor, Anne E. Henderson, with full knowledge of the trust, received the trust fund and so disposed of it that it is impossible to trace it. The fund for distribution is affirmatively shown to have been derived from another source. If in her lifetime she were liable in damages for the conversion of the fund, her estate is liable. Her legatees may make the same defence which she could make, if living, and no other.

Except where otherwise provided by statute, the husband is liable for the *torts* of the wife during coverture; if committed in his company and by his order he alone is liable; if not, they are jointly liable and the wife must be joined in the suit with her husband. And when the remedy for the *tort* is only damages by suit the husband is liable with his wife: 2 Kent's Com., *149. Husband and wife may be jointly guilty of the tortious conversion of a chattel. At common law the wife is liable to an action for her torts, and while living her husband may be joined and will be liable with her for the damages recovered; but if she dies then his liability terminates, while if the husband dies she may be sued alone the same as if she had been *femme sole* when the tort was committed: Cord on Rights of Married Women, §§ 1147, 1148, 1149.

A declaration in trover against husband and wife, stating that the defendants converted the property to their own use, was held sufficient, the objection having been made after verdict: Keyworth *v.* Hill and wife, 3 Barn. & Ald., 685. Although the point decided in that case related only to the pleading, the declaration was held good on the ground that the wife could be guilty of conversion by other means than the acquisition of property. It was not gainsaid that she was liable and responsible in case she was guilty of the conversion.

When a *tort* is committed by the wife she is personally liable, unless her husband was both present and directed the doing of it at the time. His presence furnishes evidence, and raises a presumption of his direction, but it is not conclusive

[Folsom v. Cook.]

and the truth may be established by competent evidence:
Cassin v. Delany, 38 N. Y., 178.

We are of opinion that the facts reveal a wrongful conver-
sion of the trust fund by Mrs. Henderson, and that she was
liable therefor in damages.    Therefore the appellant is entitled
to recover.

> Decree reversed, and it is now considered and
> decreed that the report of distribution made
> by the Auditor be and is confirmed, and that
> the money be paid to the parties entitled as
> shown by said report.
> Appellee, Clara A. Franklin, to pay costs of
> appeal.
> Record remitted for enforcement of this decree.