# Levi Hess *v.* Victoria R. Heft, Appellant, and Jacob D. Heft.

*Husband and wife—Tort—Wife not liable when sub potestate viri.*

The common law liability of the husband for the tort of the wife remains without statutory modifications. For a tort committed by his direction, he alone is liable.

*Husband and wife—Tort of wife the tort of the husband.*

Where the uncontradicted evidence in an action for false arrest shows that the husband and wife together made the complaint on which the plaintiff was arrested, and that at every point at which the wife acted in the prosecution the husband was present, it presumably follows that the tort in which the wife was engaged was in law the tort of the husband, for which he alone is liable.

*Actions—Malicious prosecution—False imprisonment.*

In practice, the distinction between the torts, malicious prosecution and false imprisonment, is abolished by the procedure act of 1887.

Argued Nov. 20, 1896. Appeal, No. 152, Nov. T., 1896, by Victoria R. Heft, defendant, from judgment of C. P. Chester Co., Jan. Term, 1896, No. 36, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Trespass for malicious prosecution. Before WADDELL, P. J.

This and the following cases were actions of trespass in the court below to recover damages for alleged malicious prosecutions. Jacob D. Heft and Victoria R. Heft caused Levi Hess to be arrested for stealing chickens and Samuel and Ambrose Slichter for being accessories after the fact. The evidence was uncontradicted that every step taken in the proceedings by the wife, Victoria R. Heft, was so taken by her in the presence of her husband. The jury rendered a verdict in favor of the plaintiff, Levi Hess for $300; in favor of Ambrose Slichter for $300, and in favor of Samuel Slichter for $600 against both the defendants. The defendants' first and second points and the answers of the court thereto were as follows:

1. The court is respectfully requested to charge the jury that the complaints made in the prosecution against Samuel Slichter, and Ambrose Slichter and Levi Hess were each one and the same

act, that the act was the act of the husband Jacob D. Heft, and not the act of the wife, Victoria Heft; therefore there can be no recovery against Victoria R. Heft. *Answer :* I cannot say that, gentlemen. I have left that for you to determine, whether or not it was the act of Jacob D. Heft alone; in other words, whether his wife acted of her own free will and accord, or whether she acted under compulsion. In connection with what I have said I will have to refuse to affirm that point. I cannot say that it was his act alone, and therefore they are not entitled to recover. To which answer the defendant's counsel excepted and prayed the court to seal a bill of exceptions thereto, which was done accordingly.

2. The court is respectfully asked to charge the jury that the presence of and participation of the husband, Jacob D. Heft, in signing the complaints with his wife, Victoria R. Heft, raises the presumption that the complaints were signed by the wife by the direction and coercion of her husband, and that therefore their verdict must be for the defendant, Victoria R. Heft.

Answer of the court: I may say to you, gentlemen, that the law holds, as I recollect it, that the presence of Jacob D. Heft at the time these affidavits were made, raises the presumption that it was signed by the wife under the coercion of the husband, but I cannot say to you that they were, because that presumption is liable to be rebutted by all the facts and circumstances in the case, and if rebutted, then it would not be, the presumption would be swept aside, and I therefore cannot say that upon his really being present, and that presumption arising in that way, that therefore the verdict must be for Victoria R. Heft. Whether it is for her or not will depend upon what I have said to you heretofore. To which answer the defendant's counsel excepted and prayed the court to seal a bill of excep-tions thereto, which was done accordingly.

Verdict for plaintiff $300. Defendant appealed.

*Errors assigned* among others were to answers to defendant's first and second points, reciting same.

*F. S. Groff*, *D. Smith Talbot* and *R. Jones Monaghan*, for appellant.—The appellant, Victoria R. Heft, was a married woman, and in making the complaint sued upon acted in the

presence and under the direction of her husband, and was entitled to instruction that she was not liable in these suits : Com. v. Burk, 77 Mass. 438; Com. v. Gannon, 97 Mass., 547; Com. v. Eagan, 103 Mass. 71; Cassin v. Delany, 38 N. Y. 179; Hildreth v. Camp, 41 N. J. L. 307; Franklin's App., 115 Pa. 534.

*Thomas W. Pierce*, for appellee.—The instruction upon the point is in accordance with authority. The presence of the husband furnishes evidence and raises a presumption of his direction, but the presumption may be rebutted, and each of the two may be held to be the doer of the wrong : Wheeler & Wilson Co. v. Heil, 115 Pa. 487; Franklin's Appeal, 115 Pa. 534.

Under the procedure act of 1887, an action for false imprisonment, and malicious prosecution, are alike trespass. The distinction between case and trespass is abolished by that statute. Even before its passage, a verdict on the merits would cure a defect in the form of action: Williams v. Hay, 120 Pa. 485; Bennet v. Bullock, 35 Pa. 364.

OPINION BY SMITH, J., February 16, 1897 :

It is not material whether the injury set forth in this action was a malicious prosecution or a false imprisonment. In practice, the distinction between these torts has related to the form of the action, and this distinction is abolished by the procedure act of 1887.

The liability of the defendant for the wrong here complained of is to be tested by certain well settled principles. At common law, the husband was liable for the torts of his wife, whether committed before or during coverture. For a tort in which the wife took an independent part, the husband and wife were jointly liable. For a tort which she committed by his direction, he alone was liable. The wife being sub potestate viri, if she committed a tort in the husband's presence it was presumptively in obedience to his direction; and unless it appeared that she acted wholly of her own will he alone was liable: 2 Kent, 149 ; Quick v. Miller, 103 Pa. 67; Franklin's Appeal, 115 Pa. 534 ; Mfg. Co. v. Hiel, 115 Pa. 487.

These principles remain without statutory modification. The Act of April 11, 1848, sec. 6, P. L. 536, preserved to the wife the ownership of her property as fully after marriage as before,

but did not protect it " from levy and execution on any judgment recovered against the husband for the torts of the wife:" provided that "in such cases execution shall be first had against the property of the wife." Except, however, for this recourse to the wife's property in the first instance, the husband's liability remained as before : Quick v. Miller, 103 Pa. 67. Such recourse, indeed, was a change in form rather than substance. Prior to this act the wife's personalty upon marriage vested in the husband, and thus became subject to execution against him. The statute preserved this liability as to execution for her torts, while securing her separate ownership. The married persons' property act of June 3, 1887, P. L. 332, provided that a married woman might sue and be sued "for torts done to or committed by her, in all respects as if she were a feme sole," and that damages recovered against her "shall be payable out of her separate property and not otherwise." The married persons' act of June 8, 1893, P. L. 344, which repealed the act of 1887, gives a married woman capacity with certain exceptions, " to sue and be sued civilly in all respects and in any form of action and with the same effect and results and consequences as an unmarried person;" but it neither modifies in any manner her husband's liability for her torts, nor contains any provision limiting recourse to her separate property for damages recovered against her ; much less does it attempt to extend her liability to torts which before its passage were, in fact or by legal presumption, the torts of her husband. Its only specific provision as to her torts is that she may not be arrested or imprisoned for them. This, however, is but declaratory of the law as it had long stood. For the torts of the wife, the husband only was liable to arrest on mesne process, or to execution against the person : Com. v. Keeper, 11 W. N. C. 341; Whalen v. Gabell, 120 Pa. 284; 3 Bl. Com., 414; 2 Kent, 149; Vocht v. Kuklence, 119 Pa. 365.

Thus there has been no statutory change in the common law liability of husband and wife for the torts of the wife, and no change in the common law remedy except the provision of the act of 1848 directing execution first against the property of the wife. The case before us is therefore to be governed by the common law principles respecting liability for the torts of a married woman.

The evidence shows without contradiction, that the husband

and wife together made the complaint on which the plaintiff was arrested, and that at every point at which the wife acted in the prosecution the husband was present. Prima facie, therefore, the husband alone was liable: Quick v. Miller, 103 Pa. 67. Presumptively, the wife's participation in the proceeding was by the husband's direction; and not only was there a total absence of evidence to rebut this presumption, but it clearly appears that the husband was the active and real prosecutor. He was apparently moved by the feeling that, having recommended Hess as an honest man, he had incurred a responsibility in the premises that made it his duty to seek redress for the wrong charged in the complaint against the plaintiff, and he insisted on making his wife a party because she was owner of the property involved. It is quite evident that in the part taken by the wife, she acted in subordination to her husband. The tort in which she was engaged was in law the tort of the husband, for which he alone is answerable. Under the uncontradicted evidence, the first and second points of the defendant should have been affirmed. This view makes it unnecessary to consider the other matters assigned for error.

The judgment against the defendant Victoria R. Heft is reversed.