# Wollaston v. Park, Appellant.

*Negligence—Automobiles—Negligence of guest—Bailment.*

1.  Where a person hires an automobile and is furnished by the owner thereof with a competent chauffeur who was only to take instructions from the hirer as to destination, and after the destination is named and the journey started, the hirer requests the chauffeur to permit a guest in the machine to take the wheel, and the guest after taking the wheel negligently drives the machine so as to injure a person on the road, the hirer of the machine will be liable in damages for the injuries sustained.

2.  The mere fact that the driver of a horse and buggy fails to get out of the way of an automobile approaching from behind at the rate of eighteen or twenty miles an hour, is not of itself sufficient to warrant a finding that he was guilty of negligence which contributed to his own injury.

*Practice, C. P.—Pleading—Parties—Husband and wife—Tort of wife—Plea in abatement.*

3.  Where a married woman who is sued in tort enters a plea of not guilty and proceeds to trial with a resulting verdict and judgment against her, she cannot complain that her husband was not joined with

her as a codefendant in the suit.  If she desired to raise the question, she should have done so by a plea in abatement, or by a formal plea of coverture.

Argued Nov. 23, 1910.  Appeal, No. 197, Oct. T., 1910, by defendant, from judgment of C. P. Chester Co., Jan. Term, 1910, No. 14, on verdict for plaintiff in case of Edwin Wollaston v. Annie Lewis Park.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Before HEMPHILL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $600.  Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*H. B. Patton* of *Staake & Patton,* with him *A. M. Holding,* for appellant.—To hold a defendant responsible for the negligent driving of his guest, it must be shown, first, that he had the right to select the driver, and, second, that he had actual physical control over the way in which the vehicle was being driven: McMahen v. White, 30 Pa. Superior Ct. 169.

It is immaterial that the hirer of the vehicle requested him to make the change.  It would be immaterial if the hirer of the vehicle had ordered him to make the change: Richardson v. Ness, 53 Hun, 267.

*J. Frank E. Hause,* for appellee.—A bailee, or person in possession or control of the conveyance, by whatever name he may be called, is as responsible for the negligence of his driver as if he were the owner: Kelton v. Fifer, 26 Pa. Superior Ct. 603.

OPINION BY PORTER, J., June 13, 1911:

The defendant, on September 6, 1909, hired an auto-

mobile of Henry R. Hoopes, who sent the car in charge
of an experienced driver, named Marshall, to her house.
The duties of the driver, sent by the owner of the machine,
were, "To drive that car anywhere Mrs. Park wanted to
go, and drive it as to the instructions I gave him, as to
speed, etc., . . . . not to violate the speed laws, and to be
careful." This was the only testimony as to the terms of
the bailment. The uncontradicted testimony established
the following facts. Marshall, the driver for Hoopes,
took the car to the house of the defendant and the defend-
ant with her two daughters and two gentlemen guests
entered the car, assigning one of the gentlemen named
Glassburner to the front seat upon the left hand side of
the car next to the driver, and instructed Marshall, the
driver, to take the party to Wilmington, Delaware.
Marshall proceeded as directed and after he had gone
some distance defendant requested him "to let Mr.
Glassburner take the car." Upon this request of the
defendant Marshall stopped the car and exchanged seats
with Glassburner. This put Glassburner in the place
where he had absolute control of the operation of the
car, with Marshall occupying the seat at the left side,
where it was out of his power to regulate the manner in
which the car was driven. Glassburner then drove the
car for a considerable distance, when, in attempting to
turn from one road into another which crossed it at right
angles, he drove the car at a high rate of speed in a manner
so negligent and reckless that he ran into plaintiff's
vehicle which was proceeding in the same direction upon
the road and inflicted the injuries to recover for which
this action was brought. The principal question in the
case is whether the defendant is liable to answer for the
injuries caused by the negligence of Glassburner, who
was operating the machine at her request. The plaintiff
recovered a verdict and judgment in the court below and
from that judgment the defendant appeals.

There was no conflict of evidence as to the facts bearing
upon the question under consideration. The owner of the

car had sent with it an experienced operator, and if the defendant had permitted that operator to continue in the control of the car and he had been negligent she would not have been liable for the consequences. The defendant requested Marshall, the driver provided by the owner, to withdraw from the position of driver and surrender control of the car and designated Glassburner to take his place, and her will prevailed. There was nothing in the evidence which would have warranted a finding that either Marshall or Glassburner had suggested that this change be made. The case was not one which involved the mere failure of this defendant to object to the servant of Hoopes yielding the control of the car to another, nor was it a case of a guest of the defendant volunteering to do something for her. The active interference of the defendant resulted in a change of drivers. There was no evidence from which a jury should have been permitted to infer that the trip to Wilmington was a joint undertaking of the defendant, Glassburner and the other members of the party. This defendant was the bailee of the car, Mr. Glassburner was merely her guest. He may have expected to enjoy a pleasant outing, but he had no control over the destination of their journey or the manner in which it was to be attained, and there is nothing in the evidence which indicates that he did anything except what he was requested to do by this defendant.

The contract of bailment under which Hoopes permitted this defendant to have possession of the car gave to the defendant the right to direct where the car should be taken, the roads over which it should be driven, but it reserved to Hoopes the right to have the operation of the car, the manner in which it should be driven over those roads, in the hands of the person whom he had designated. So long as the servant of Hoopes, the man whom he had selected, was driving that car, Hoopes, as the employer, would have been liable to answer for any injuries resulting from the negligence of his servant. Such would have been the legal result of the terms of the contract of bail-

ment. Had this defendant suffered an injury as the result of negligent driving by Marshall, she could have recovered of Hoopes damages for that injury. But these consequences would have resulted not from the mere fact that Hoopes owned the car, but that he, through his servant, was driving it. If while the defendant was in possession of the car, under the bailment, she had caused the servant of Hoopes to be expelled therefrom, or had caused the car to be taken away while the servant was temporarily absent, and had designated some other person to operate it, there can be no question that she would have been liable to Hoopes or third persons for any damages which resulted from negligence in such operation. We are unable to discover any reason why the defendant should not be held equally liable when, in violation of the terms of the bailment, she induced the servant of the bailor to part with the control of the car, which under the terms of the bailment, he ought to have retained. The evidence in this case established that the defendant had selected the person who was driving the car at the time it was operated in a negligent manner. She had absolute control of the person who was thus driving, for she clearly had the right at any moment to withdraw him from the management into which she had wrongfully thrust him. She was his superior in the management of the car, at that time, and he was her representative, servant or agent in that management. It is not necessary in order to constitute such a relation that the driver should be entitled to compensation or that he was in the performance of a duty incident to a general employment as the servant of defendant: McMahen v. White, 30 Pa. Superior Ct. 169. "A bailee, in possession or control of the conveyance, by whatever name he may be called, is as responsible for negligence of his driver as if he were the owner, and proof of his possession and control is clearly effective as prima facie evidence that the person driving was doing so for him:" Kelton v. Fifer, 26 Pa. Superior Ct. 603. The authorities above cited, in so far as they

refer to liability for negligence upon the part of the person in control of a vehicle, are in entire harmony with Gibson v. Bessemer & L. E. R. R. Co., 226 Pa. 198, and Moon v. Matthews, 227 Pa. 488. We are of opinion that the learned judge of the court below was correct in holding that, under the evidence in this case, the defendant was answerable for the negligence of the person to whom she had committed the operation of the car. There was no evidence whatever which would have warranted a finding that the plaintiff was guilty of contributory negligence. The mere fact that the driver of a horse and buggy fails to get out of the way of an automobile approaching from behind, at the rate of eighteen or twenty miles an hour, is not of itself sufficient to warrant a finding that he was guilty of negligence which contributed to his own injury.

The defendant submitted in the court below a point requesting the court to charge that: "The defendant's husband is liable for the defendant's torts, and as he has not been joined as codefendant with her in this suit, the verdict must be for the defendant." This point the court refused, which ruling is the subject of the fourteenth specification of error. The action was brought against the defendant alone; in the record there appears no mention of the fact that she has a husband, and she entered the plea of not guilty, without any suggesstion that she was a married woman. Had the defendant desired to raise the question presented by this specification it ought to have been done by a plea in abatement, or by a formal plea of coverture: Quick v. Miller, 103 Pa. 67; Hess v. Heft, 3 Pa. Superior Ct. 582. The evidence discloses that, if this defendant has a husband, he was not present at the time of the commission of the tort in question. It fails to disclose that the defendant had a husband at the time of the accident, or at the time this action was brought. True it is that at the time of the injury complained of she had two daughters, but she may have been a widow. All the specifications of error are dismissed.

The judgment is affirmed.