# Deardorff, Appellant, *v.* Pepple.

*Husband and wife—Tort of wife—Execution against husband—Setting aside execution.*

The property of a husband is not liable to execution on a judgment recovered against a wife for tort, the husband not being a party defendant to the action. Where a husband's property is levied upon, and the husband takes a rule to set aside the execution, the execution should not be set aside generally, but only as to the levy upon the husband's property.

Argued March 10, 1908. Appeal, No. 9, March T., 1908, by plaintiff, from order of C. P. Adams Co., Aug. T., 1906, No. 143, making absolute rule to set aside execution in case of Charles J. Deardorff v. Catharine Pepple. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to set aside execution.

SWOPE, P. J., filed the following opinion:

This action was for alleged defamatory and slanderous words, and the plaintiff recovered a verdict against the defendant for the sum of $200, upon which judgment was duly entered.

Execution was issued and the sheriff directed to first levy upon the separate property of Catharine Pepple, and in default thereof, to levy on any property belonging to Calvin Pepple, her husband.

The property of the husband was levied on, and on May 28, 1907, he presented his petition to the court asking that this writ of fieri facias and all proceedings thereon be quashed and set aside.

Upon this petition a rule to show cause was granted which is now before us.

Can the husband's property be taken on execution in satisfaction of this direct verdict and judgment against the wife alone?

There is no statutory authority allowing it, and if permitted, it must be by virtue of the common law, governing the liability of the husband for the torts of his wife.

Under these circumstances is there such liability?

The case of Hess v. Heft, 3 Pa. Superior Ct. 582, relied upon by attorney for execution, we think, is decisive of this contention, and from the able opinion of SMITH, justice in this case, we will largely quote.

"At common law the husband was liable for the torts of his wife, whether committed before or during coverture.

"For a tort in which the wife took an independent part the husband and wife were jointly liable.

"For a tort which she committed by his direction he alone was liable. The wife being sub potestate viri, if she committed a tort in the husband's presence it was presumptively in obedience to his direction; and unless it appeared that she did it wholly of her own will, he alone was liable:" Hess v. Heft, 3 Pa. Superior Ct. 582; 2 Kent, 149; Quick v. Miller, 103 Pa. 67; Franklin's Appeal, 115 Pa. 534; Mfg. Co. v. Heil, 115 Pa. 487.

But at the common law the husband and wife are regarded as but one person. The legal existence of the wife, during marriage, is merged in that of her husband—and this principle must not be lost sight of in determining the question before us.

For this reason at common law, as a general rule, a feme covert could neither sue or be sued alone, but she must sue or be sued in connection with her husband: 15 Am. & Eng. Ency. of Law, page 794, etc.; Endlich & Richards on Married Women, 397, 398; Pollock's Law of Torts, 37.

Therefore at common law, while the husband was liable for the torts of his wife, yet his liability always followed a suit against him alone, if the tort was committed by the wife at his direction, or against both him and his wife if the tort was committed in his absence.

Without suit against the husband either alone or in connection with his wife, no common-law liability for her torts could be established. To establish this liability the husband, as the legal entity, must have his day in court.

The common-law principles referred to above, showing the husband's liability for the torts of his wife, are still in force and are without statutory modification.

As stated by Smith, justice in Hess v. Heft, 3 Pa. Superior Ct. 582, the act of April 11, 1848, preserved to the wife the ownership of her property as fully after marriage as before, but did not protect it "from levy and execution on any judgment recovered against the husband for the torts of his wife," provided that in such cases execution shall be first had against the property of the wife. Except, however, for the recourse to the wife's property in the first instance, the husband's liability remained as before: Quick v. Miller, 103 Pa. 67.

Prior to this act the wife's personalty, upon marriage, vested in the husband, and thus became subject to execution against him. The statute preserved this liability for her torts, while securing her separate ownership.

The married person's property Act of June 3, 1887, P. L. 332, provided that a married woman might sue and be sued "for torts done to or committed by her, in all respects as if she was a feme sole." And that damages recovered against her, "shall be payable out of her separate property and not otherwise." The married person's Act of June 8, 1893, P. L. 344, which repealed the act of 1887, gives a married woman capacity with certain exceptions, "to sue and be sued civilly in all respects and in any form of action and with the same effect, results and consequences as an unmarried person. But it neither modifies in any manner her husband's liability for her torts, nor contains any provision limiting recourse to her separate property for damages recovered against her."

It is this last sentence of the learned justice upon which the plaintiff relies in justification of the execution complained of.

But this is an entire misconception of the court's meaning.

What this sentence says and means is this: While the act of 1893 allows a married woman to be sued alone, yet it does not modify her husband's liability for her torts, or limit recourse to her separate property for damages recovered against her. When it is recalled that this was a suit against both husband and wife, the meaning of these words are clear and apparent.

This case certainly contains no authority for a separate suit against the wife, and then the issuing of an execution against the husband to collect the judgment recovered against her alone.

Since the act of 1893 the wife may be sued alone, but if the husband is to be held to the common-law liability for his wife's torts, the common-law remedy must be followed, which has undergone no statutory change except the provision of the act of 1848, directing execution first against the property of the wife: Hess v. Heft, 3 Pa. Superior Ct. 582.

The remedy at common law, as we have seen, requires as an absolute essential to fix the liability of the husband for the wife's torts, that the husband be either sued alone or together with his wife.

This action having been brought against the wife alone, no liability for the judgment attaches to the husband, and this rule is therefore made absolute.

*Error assigned* was the order of the court.

*W. C. Sheely*, for appellant.

*William Hersh*, for appellee.

PER CURIAM, April 20, 1908:

The question involved in this appeal is correctly stated by the appellant's counsel as follows: "Is the property of the husband liable to execution on a judgment recovered against a wife for tort, the husband not being a party defendant to the action?" After an elaborate discussion of the legislation

bearing upon the question the learned court below concluded that it is not, and in that conclusion we fully concur. We call attention, however, to a matter of practice which seems to be worthy of notice. The defendant in the judgment and execution was Catherine Pepple. The petitioner for the rule was her husband. It is obvious, therefore, that the rule should not have been to set aside the execution but only to set aside the levy upon the petitioner's property. It is conceded by counsel on both sides that no further effect is to be given to the order appealed from than that. With this suggestion, and it being conceded in the appellant's answer that the property levied upon by his direction belonged to the husband, the order is affirmed at the costs of the appellant.