# Farbo v. Caskey, Appellant.

*Negligence—Automobiles—Master and servant—Master's business — Statement of claim — Evidence — Placing admission on record, no affidavit of defense—Practice Act of May 14, 1915, P. L. 483.*

1. In an action to recover damages for injuries resulting from an automobile accident, it is necessary for plaintiff to prove, in some adequate manner, not only that defendant was the owner of the car, and the driver his servant, but that such servant was at the time engaged in the master's business.

2. The fact that the defendant was the owner of the car in itself alone furnishes no foundation for his liability.

3. Where the statement of claim avers that the driver was defendant's servant or agent, but does not specifically aver that he was engaged in the performance of defendant's service at the time of the accident, and there is nothing in the evidence to show that the driver was so engaged and such fact is in no way put in the record, it is reversible error for the court to charge that the averment that the automobile was driven by defendant's servant, was a sufficient averment on which to base liability, if the driver was negligent.

4. Admissions, under the Act of May 14, 1915, P. L. 483, by failure of denial by affidavit of defense, are not placed on the record by the court in his charge stating these facts to the stenographer and jury; he must direct the facts to be placed on the notes of trial.

5. Since the practice was not established when this case was tried, the appellate court will not enter judgment for defendant n. o. v., but will send the case back for another trial, in order that the true situation as to the driver's employment at the time of the accident may be properly developed.

Argued January 9, 1922. Appeal, No. 97, Jan. T., 1922, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1920, No. 3544, on verdict for plaintiff, in case of Carmel Farbo v. Wesley M. Caskey. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before FINLETTER, J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $15,000. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v.

*Owen J. Roberts,* of *Roberts, Montgomery & McKeehan,* with him *Robert T. McCracken,* for appellant.— There was neither proof nor presumption that the car was being driven on defendant's errand: Scheel v. Shaw, 252 Pa. 451; Luckett v. Reighard, 248 Pa. 24; Lotz v. Hanlon, 217 Pa. 339; Curran v. Lorch, 243 Pa. 247; Solomon v. Trust Co., 256 Pa. 55; Dunmore v. Padden, 262 Pa. 436; Beatty v. Firestone Tire & Rubber Co., 263 Pa. 271; Maloy v. Rosenbaum Co., 260 Pa. 466; Moon v. Matthews, 227 Pa. 488; Hazzard v. Carstairs, 244 Pa. 122; Williams v. Floral Co., 252 Pa. 140; Haring v. Connell, 244 Pa. 439.

*David Lavis,* for appellee.—Agency was admitted by failure to file an affidavit of defense: Act May 14, 1915, P. L. 483.

The law then presumes defendant was acting in his employer's business: Brown v. Winelander, 73 Pa. Superior Ct. 197; Moon v. Matthews, 227 Pa. 488; Hazzard v. Carstairs, 244 Pa. 122; Scheel v. Shaw, 252 Pa. 451, 461; Maloy v. Rosenbaum, 260 Pa. 466, 471.

The trial judge stated to the stenographer and the jury that the pleadings admitted the automobile was driven by defendant's servant. That was sufficient under Buehler v. Fashion Plate Co., 269 Pa. 428.

OPINION BY MR. JUSTICE SCHAFFER, February 6, 1922:

Defendant appeals from a judgment recovered in an action for damages for injuries received by plaintiff, who was struck by appellant's automobile.

Appellant contends there was no sufficient proof that the automobile, which admittedly belonged to defendant, was being driven at the time of the accident on the owner's business or errand. The trial was allowed to proceed on the theory that this point was adequately covered by the undenied averments of plaintiff's declaration; although the trial judge seems to have had some misgivings as to whether the fact of the chauffeur acting within the scope of his alleged agency was sufficiently proven, as is shown by his statement in the charge that, in his opinion, it would have been better and safer pleading to have expressly averred that the motor car was being driven by defendant's agent or servant in and about his employer's business. The statement of claim does not specifically aver that the chauffeur was, as a matter of fact, engaged in the performance of service for defendant at the time of the accident, but left that open to inference from the averment of the agency. Answering a point of defendant, which raised the question, the court in its general charge instructed the jury, the averment that the automobile was driven by defendant's servant or agent, was a sufficient averment on which to base liability, if the driver was negligent. The difficulty, however, with this assumption is the fact that there was no evidence properly presented on the subject. Although neither the statement of claim nor any part of it had been offered in evidence, the trial judge treated certain of its averments as in the proofs and before the jury, saying to them that there was the admission in the written pleadings, because of the undenied averments in the statement of claim, that the automobile was driven by the defendant's servant or employee, and instructed them this averment was sufficient upon which to base liability if the driver was negligent. This was contrary to our ruling in Buehler v. United States Fashion Plate Co., 269 Pa. 428, where we pointed out that, "A fact averred in the statement of claim, and not specifically denied in the affidavit of defense, is an admitted fact.

but does not become such for purposes of trial, unless put before the jury in one of three ways: (1) by the presiding judge stating to the official stenographer, in the presence of counsel, that certain facts, which he details and directs to be placed on the notes of trial, are averred in the statement, and not denied in the affidavit, and hence must be treated as admitted; or (2) by counsel directing to be placed on such notes certain detailed facts, which they admit; or (3) by offering in evidence specific parts of the statement of claim, with what counsel conceive to be the replies thereto contained in the affidavit of defense, and having the facts thus sought to be established placed on the notes of trial as admitted, because averred in the statement and not denied in the affidavit of defense." None of the methods indicated was pursued in this case, but, after the testimony was closed, and counsel had summed up, the court in its charge stated the fact we have indicated, essential to plaintiff's recovery, as though it had been put in the record and was before the jury as proof in the case. This does not conform to the practice we have laid down. It will be apparent, at a glance, that the method here followed might be most disastrous to one side or the other in a trial. After delivery of the charge, there would be no opportunity to discuss or explain the admissions, for the first time put in the case just as the curtain drops. In an unbroken line of decisions, we have held that, in an action to recover damages for injuries resulting from an automobile accident, it is necessary for plaintiff to prove, in some adequate manner, not only that defendant was the owner of the car, and the driver was his servant, but that such servant was at the time engaged in the master's business (a typical case is Scheel v. Shaw, 252 Pa. 451); and in Markle v. Perot, opinion handed down herewith [273 Pa. 4], we reiterate the declaration that the fact defendant was the owner of the car in itself alone furnishes no foundation for his liability.

A fair construction of section 13 of the Practice Act of 1915, (P. L. 483, 485) relieves one, who has pleaded the agency of the person committing the act complained of, in the manner here pursued, from producing testimony to show such agency or that the negligent act was done in the course thereof, when these facts are not denied in an affidavit of defense, if due proof thereof is made in accordance with the methods laid down in Buehler v. United States Fashion Plate Co., supra; yet, as said by the trial judge in the instant case, good pleading dictates, in addition to an averment of agency, a further allegation that the agent was as a matter of fact acting within the scope of his employment at the time of the accident. For recent relevant construction placed upon this particular section of the act, see Gillespie v. Pennsylvania Company, 272 Pa. 393, and cases there cited.

Here, the course pursued by the court below may have misled plaintiff to his great disadvantage, indeed to his undoing,—something, we know, was never intended by the just judge who tried this case. Had the trial been conducted in accord with the rules heretofore laid down by us, it is to be assumed plaintiff's counsel would either have advanced his proofs, on the question of the driver's mission being on his master's account, or protected himself in other adequate ways; but the rulings on that point being in plaintiff's favor, he doubtless was led to feel he could rest content with the case as it stood. It is but fair to state, however, that our opinion in Buehler v. United States Fashion Plate Co. had not been published at the time of the present trial, and neither the court below nor counsel had the benefit thereof. Under the circumstances, we shall not enter judgment for defendant non obstante veredicto, but send the case back for another trial in order that the true situation, as to the driver's employment at the time of accident, may be properly developed.

The judgment is reversed with a new venire.