## Akron Tire Company, Inc., v. The R. C. Maxwell Company.

*Province of court and jury — Advertising signs — Sufficient evidence of defendant's ownership of trespassing sign.*

In an action of trespass for maintaining a sign upon space leased by plaintiff, the only evidence that defendant had been guilty of maintaining the sign was the fact that its name appeared in one corner of it, and that it maintained a sign immediately above the sign in question indicating that it was engaged in placing and maintaining advertising signs. There was also testimony to the effect that it was engaged in the advertising business: *Held*, that the evidence was sufficient to go to the jury, and a verdict for plaintiff was sustained.

Motion for judgment *n. o. v.* C. P. No. 2, Phila. Co., Sept. T., 1920, No. 6212.

*M. H. Reinheimer* and *David Phillips*, for plaintiff.

*Joseph H. Sundheim*, for defendant.

STERN, J., April 10, 1923.—There is only one question in this case, namely, whether the name of the defendant company upon the trespassing sign constitutes sufficient evidence to go to the jury upon which to find that the defendant is liable.

The photograph placed in evidence shows that at the corner of the sign in question is contained the name of the defendant company. The photograph further shows that the defendant company itself maintained a sign immediately above the one in question, indicating that it was engaged in the placing and maintenance of advertising signs. There was also testimony to the effect that the defendant company was engaged in the advertising business.

The defendant contends that this evidence was not sufficient upon which to base a verdict for plaintiff. The court does not agree with this contention. It is unnecessary to cite the cases in which a similar question has arisen in regard to the names upon wagons running over pedestrians, because the principle established by such cases is too well known to require citation or comment. The latest of these cases is that of Sieber against Russ Brothers Ice Cream Company, opinion by Mr. Justice Frazer, under date of Feb. 12, 1923

[276 Pa. 340, 344], and in which the court said: "Where, as here, the car is used for business purposes, the fact that it bears the name of defendant and especially if loaded with articles generally transported or used in connection with defendant's business, is sufficient to raise a presumption that it was driven by defendant's servant acting in the line of his duty."

What is the reason for the doctrine enunciated in the line of cases referred to? Defendant's counsel contends that it is a rule of necessity, and perhaps it may be put partly upon that ground, although such an explanation is not convincing, inasmuch as it would always be within the power of a plaintiff to call for cross-examination those whose names appear upon the wagon in order to ascertain if in fact they were the owners of it, and whether the driver or operator was in their employ and engaged in their service. However this may be, it is believed that the real reason for the doctrine is that common observation and experience teach that the owner of a business vehicle is almost invariably the person whose name is contained or advertised upon the vehicle, and that the person operating it is employed by such owner. This is not always the fact, as it is a matter of common knowledge that many business concerns lease their wagons and drivers from some other company, and a defendant may always show by evidence that such is the fact in the particular case. But, as above stated, the obvious deduction is so usually the other way that a fair presumption of fact may be drawn and the burden properly placed upon a defendant to prove that the actual facts are not in accord with the usual circumstances.

Similar reasoning applied to the present case would lead to the same conclusion. If the name of an advertising company is attached to an advertising sign in a way in which any person on the street, seeing the sign, would immediately draw the inference that it was placed or maintained there by the advertising concern whose name is attached to it, it would be a legalistic technicality, unworthy of modern principles of justice and judicial procedure, to hold that an inference which would thus be drawn by all laymen on the street cannot be drawn by a jury of laymen seated in the court-room. It is not common for one advertising agency to advertise another by putting the latter's name upon a sign which in fact was placed there by the former. If such an unusual event occurs, it is not asking too much of the defendant to present such facts by way of defence. While it is true, in the wagon cases, the evidence usually disclosed that the wagon was loaded with articles generally used in connection with defendant's business, and while that circumstance is mentioned as a make-weight in the quotation above given from Sieber against Russ Brothers Ice Cream Company, the fact is that in the present case this additional circumstance is present, because the name of the defendant company is used in connection with an advertising sign and the evidence discloses that the defendant is in the advertising business, and, as previously stated, the photograph shows an accompanying advertisement of the defendant company itself, visibly showing its business to be that of maintaining and furnishing advertising signs.

Plaintiff's counsel cites on his brief analogous cases supporting his contention, but it is not deemed necessary to add these to this opinion or to analyze them for the purpose of the present discussion. Plaintiff's position is not, of course, that defendant's name constitutes a conclusive presumption of its liability, but merely a rebuttable inference or presumption of fact, throwing the burden upon defendant to establish that what is apparently so is not true in fact, and that the offending sign was not placed or maintained by the defendant, even though its name is attached to it.

3 D. & C.

Akron Tire Company, Inc., *v.* The R. C. Maxwell Company.

A case similar to the one here presented would be if a "For Rent" or "For Sale" sign upon a building, which sign bears the name of one admitted to be a real estate broker engaged in the sale and leasing of buildings, were to fall upon a passerby and the latter were to bring suit for injuries against such real estate broker. Clearly, in such case, the fact of the maintenance of the sign bearing the name of the defendant should be sufficient to call upon him to prove that in fact he had not placed or maintained the sign there, but that somebody else had done it and used the defendant's name upon the sign for some unknown purpose. This analogy is especially apposite, in view of the fact that the present action is itself in tort, namely, for trespass in maintaining the sign upon the space leased by the plaintiff, and whether or not the person whose business is advertised (in this case the Kelly Tire Company) would also be liable in trespass to the plaintiff, the advertising company which in any way participated in placing or maintaining the sign would clearly also be a trespasser, and as such similarly liable.

In short, therefore, the court believes that the case was for the jury as to the defendant's liability, and that to hold otherwise would be inconsistent with principles of common sense in trying issues, but rather a return to the more technical atmosphere of earlier days. It may be pointed out, in conclusion, that the defendant offered no testimony to disclaim the truth of the inference which would seem so obviously to result from the circumstances.

For the reasons thus indicated, defendant's motion for judgment *n. o. v.* is overruled.