## Wallin *v.* Katz, Appellant.

*Negligence—Automobiles—Truck — Ownership — Presumption — Use for defendant's business—Case for jury.*

In an action of trespass to recover damages for personal injuries, the evidence of the plaintiff established that the truck of the defendant was standing, facing south, on the east side of the same street upon which a street car was proceeding southward, at a reasonable speed. When the front of the car was opposite the rear end of the truck, the driver of the truck suddenly started the vehicle and turned it towards the car track without looking to see whether a street car was approaching, and without giving any warning of his intention to drive upon the track. The motorman did everything possible to stop but the truck was driven against the side of the street car and the plaintiff, who was a passenger, was severely injured as a result of the collision.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

In such a case the fact that the automobile was a business truck which bore the name of the defendant and designated the business in which he was engaged, was prima facie evidence that the defendant was the owner, and also, that it was then in charge of his servant acting in the course of his employment.

Argued October 21, 1925. Appeal No. 216, October T., 1925, by defendant from judgment of Municipal Court of Philadelphia County, August T., 1923, No. 155, in favor of plaintiff in the case of Marie Wallin v. Meyer Katz. Before PORTER, HENDERSON, TREXLER, LINN, KELLER and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injury. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, William Wallin, in the sum of $500.00 and for Marie Wallin in the sum of $2,000.00.

The court subsequently remitted all in excess of $1,250, and entered judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of the defendant's motion for judgment non obstante veredicto.

*Benj. Sork,* of *Blumberg & Sork,* for appellant.— The jury cannot infer liability: Farbo v. Caskey, 272 Pa. 573.

*John M. Thissell,* and with him, *Augustus Trask Ashton,* for appellee.—The ownership and agency in the operation of a truck was sufficiently proven: Burns v. Flaherty Co., 278 Pa. 579; Holzheimer v. Lit Bros., 262 Pa. 150; Seiber v. Russ Bros. Ice Cream Co., 276 Pa. 340; Thatcher v. Pierce, 281 Pa. 16.

OPINION BY PORTER, J., December 14, 1925:

This is an appeal by the defendant from a judgment in favor of the plaintiff, in an action for personal injuries sustained by her when a business truck of the defendant ran into a street car upon which plaintiff was a passenger. The defendant, upon the trial, presented a point requesting binding instructions in his favor, which the court refused. He subsequently made a motion for judgment non obstante veredicto, which the court overruled and entered judgment on the verdict. The defendant contends that the case ought not to have been submitted to the jury for two reasons: (1) That there was no evidence that the truck had been negligently operated, and, (2) That there was not sufficient evidence to warrant a finding that the defendant was the owner of the truck, or that he was responsible for the manner in which it was operated.

The plaintiff produced evidence which, if believed, established that the truck was standing on the east side of Fourth Street, Philadelphia, facing south. The

street car upon which plaintiff was a passenger was proceeding southward on Fourth Street, at a reasonable speed, and when the front of the car was opposite the rear end of the truck, the driver of the truck suddenly started the vehicle and turned it toward the street car track, without looking as to whether a street car was approaching and without giving any warning of his intention to drive upon the track; the motorman of the street car applied the air brake and did everything possible to stop the street car; the truck was driven against the side of the street car, striking the latter about five or six feet from the front end thereof; and the plaintiff was thrown from her seat and severely injured, as the result of the collision. It was the duty of the driver of the truck to look and ascertain whether a street car was approaching before attempting to drive upon the track. This the driver of this truck did not do, or, if he did look, he started his truck in a manner which rendered a collision not only probable, but absolutely certain to occur. The evidence was clearly sufficient to warrant a finding that the truck was negligently operated.

The vehicle which ran into the street car was a business delivery truck and upon the side thereof was the sign "Meyer Katz, Kosher Products", the name of this defendant and description of the business in which he was engaged. This was evidence of the ownership of the truck by this defendant. In addition to this evidence, a witness, Steinberg, testified that the driver of the truck, at the time of the accident, came to him and asked him his name and Steinberg gave him his business card; that sometime after this, the defendant, with whom the witness had not been acquainted, came to see him and called his attention to the fact that he had given his business card to the driver. This circumstance clearly indicated that the driver of the truck had reported to this defendant. The fact that this was a business truck which bore the name of the defendant

and designated the business in which he was engaged was prima facie evidence that the defendant was the owner of the truck, and also, that it was then in charge of his servant acting in the course of his employment: Holzheimer v. Lit Bros., 262 Pa. 150; Seiber v. Russ Bros. Ice Cream Co., 276 Pa. 340. The assignments of error are overruled.

The judgment is affirmed.