### Bentel v. Strickler et ux.

*Husband and wife—Torts—Joint ownership of automobile—Negligence—Pleading—Statement of claim—Averments as to negligence of wife.*

1. Under existing statutes relating to the liabilities and rights of married women, the liability of a married woman for her own tort must be borne by herself and is visited upon her husband only in exceptional cases.

2. Where property is shown to be that of both husband and wife and the negligence complained of in the use of such property arises from a common use of it by both owners for the common purpose of both, a case of liability is stated against both, and the presumption of the sole liability of the husband is negatived.

3. In an action against a husband and wife for damages resulting from the negligent operation of an automobile, averred to have been jointly owned by the defendants, the liability of the wife is not sufficiently stated by averments that the accident was caused by the act of the husband in negligently driving the car and that of the wife in permitting him to do so, without averring that the wife was in the car at the time of the accident or the use to which the car was then being devoted.

Statutory demurrer. C. P. Beaver Co., March T., 1926, No. 507.

*Stewart P. McConnel,* for plaintiff; *Harold F. Reed,* for defendants.

READER, P. J., Aug. 20, 1926.—On Feb. 6, 1926, the plaintiff's statement of claim was filed in the above entitled case, and on March 6, 1926, an affidavit of defence was filed raising questions of law. Sometime later the matter was argued before the court.

Substantially the questions of law raised are, that while the action is brought against the defendants jointly, no joint liability of the defendants is disclosed by the statement, but, on the contrary, any liability of the defendants disclosed is several; and, further, that it appears from the face of the statement that at the time of the accident which is the foundation of the action, the car was being driven by the defendant, Floyd M. Strickler, without any participation therein by the other defendant, his wife, Anna M. Strickler.

Upon the argument of the case, it was contended that under the statement of claim there could be no liability of the wife, Anna M. Strickler, because of the legal presumption that any tort committed by her in the presence of her husband was committed at his direction, and was his tort and not hers. The principle relied upon is thus stated in the case of Wheeler & Wilson Manuf. Co. v. Heil et al., 115 Pa. 487: "When a tort is committed by a wife, she is personally liable, unless her husband is both present and directs the doing of it at the time: Franklin's Appeal, 18 W. N. C. 245. His presence furnishes evidence and raises a presumption of his direction, but it is not conclusive, and the truth may be established by competent evidence: Cassin v. Delany, 38 N. Y. 178. 'The true view is, when the husband is present during the commission of a tort by the wife, whether himself actively participating in it or not, *prima facie*, the wrong shall be deemed his alone; but both in civil and criminal causes this *prima facie* case may be rebutted, and each of the two may be deemed in law the doer of the wrong, the same as though they were unmarried:' Cord on Rights of Married Women, 1154."

The rule is similarly stated in the case of Hess v. Heft, 3 Pa. Superior Ct. 582: "The liability of the defendant for wrong here complained of is to be tested by certain well settled principles. At common law, the husband was liable for the torts of his wife, whether committed before or during coverture. For a tort in which the wife took an independent part, the husband and wife were jointly liable. For a tort which she committed by his direction, he alone was liable. The wife being *sub potestate viri*, if she committed a tort in the husband's presence, it was presumptively in obedience to his direction; and, unless it appeared that she acted wholly of her own will, he alone was liable: 2 Kent, 149; Quick v. Miller, 103 Pa. 67; Franklin's Appeal, 115 Pa. 534; Wheeler & Wilson Manuf. Co. v. Heil, 115 Pa. 487." See, also, Deardorff v. Pepple, 36 Pa. Superior Ct. 224.

The independent liability of the wife for her own torts generally is now much more clearly recognized than it seems to have been at the time when the decisions above cited were made. Thus, in the case of Smith v. Machesney, 238 Pa. 538, the court said: "The husband seems to have been joined as a defendant in this case under the idea that the common law liability of the husband for the torts of the wife still prevails. But whatever may have been the rule at common law, we held in Gustine v. Westenberger, 224 Pa. 455, 460: 'Since the passage of the Act of June 8, 1893, P. L. 344, a married woman may be sued civilly in all respects and in any form of action with the same effect and results and consequences as an unmarried person, except that she may not be arrested or imprisoned for her torts. Under that act, she, and not her husband, is liable in damages for her torts.' In the present case it was, therefore, not only unnecessary, but improper, to join the husband as a defendant. We do not understand that the claim in this case was made against the husband as an actual tortfeasor, but only by reason of his supposed responsibility for the tort of his wife."

It is true that in this case the alleged tort of the wife consisted in negligence in the maintenance of a freight elevator upon property owned by her, and was not a tort committed in the presence of her husband. The case, nevertheless, recognizes that under existing statutes relating to the rights and liabilities of married women the liability of a married woman for her tort must be borne by her and is visited upon the husband only in exceptional cases. The rule stated in the case last cited is recognized in the case of Crouse v. Lubin, 260 Pa. 329, where the wife was held liable for damages resulting from the negligent operation of an automobile owned by her, used for

family purposes, and particularly for the use of her mother, and at the time of the accident being driven by a chauffeur for the accommodation of the owner's mother. The rule was again applied in the case of Hinski *v.* Stein, 68 Pa. Superior Ct. 441, an action of slander. A number of cases in which the rule is considered are collected in 20 Am. Law Reps., note on page 528 (538).

In the instant case the statement avers that at the time of the accident in question the defendants were owners of one Overland de luxe sedan automobile. The rules of law recognize the right of the wife to own and possess property, both real and personal, jointly with her husband, the title in our State being treated as a title by entireties. The right of either to use the property, or of both to use it in common for their common purposes, is also recognized by the law. It seems to us that in a case of common use of such property by the husband and wife for a purpose common to both, there would arise a common liability for negligence incident to such common use of it.

The presumption arising from the presence of the husband at the time of the commission of a tort by the wife that she acts under his direction, and that the tort is his only, is *prima facie* only, and, as stated in the case of Wheeler & Wilson Manuf. Co. *v.* Heil, above cited, as well as in the other cases in which the rule is recognized, "may be rebutted and each of the two may be deemed in law the doer of the wrong, the same as though they were unmarried." It seems to us, in view of the present status of married persons under our statutes and the construction thereof by more recent decisions, such as we have above quoted, that where property is shown to be that of both husband and wife, and that the negligence complained of in the use of that property arises from a common use of it by both owners for the common purpose of both, a case of liability is stated against both, and the presumption of the sole liability of the husband is negatived.

If the averments of the statement in the instant case were such as we have just defined, we think the statement would present a legal claim against the defendants. The substantial statements in the plaintiff's statement of claim following the statement of ownership above referred to, so far as they relate to the liability of the defendants or either of them, are in substance as follows: In the 7th paragraph of the statement it is said:

"7. That defendants' car approached the car in which the plaintiff was riding, immediately prior to the accident aforesaid, in an easterly direction, and the defendant, Floyd M. Strickler, caused said accident by driving his said automobile toward his left and to the northern side of said Pennsylvania Avenue a few feet before crossing northward into Sixth Street."

In both the 8th and 9th paragraphs of the statement in which negligence in the operation of the defendants' automobile is averred, it is said that "said defendant" was guilty of the negligence therein averred. In the 10th paragraph plaintiff undertakes to specify the negligence complained of in clauses indicated by letters from *(a)* to *(g)*, inclusive. The paragraph begins with the statement, "Said defendant drove his automobile in a careless and negligent manner in the following particulars:" In all of the clauses under the said paragraph the person operating the vehicle is referred to as "said defendant," excepting two, where the word "defendants" is used. There is nothing anywhere, however, in this paragraph, or any of its clauses, specifying any act of Anna M. Strickler in connection with the operation of the car. The only averment in the statement which tends in any way to connect her with the negligence complained of is in the 11th paragraph, which reads as follows:

Bentel *v.* Strickler et ux.

"11. That as a direct and proximate result of the aforesaid negligent acts of the said defendant, Floyd M. Strickler, in driving said car, and of his wife, Anna M. Strickler, in permitting her said husband to operate said automobile in the aforesaid negligent manner, without compelling him to act in a more careful manner and to avoid said collision, as it was her duty and within her power to do, under the circumstances aforesaid, the plaintiff was and is seriously injured as follows:"

We think the statement of claim does not sufficiently state a cause of action against Anna M. Strickler. It would not be a sufficient statement even were the second defendant not the wife of the first. The averments of the 11th paragraph, while possibly suggesting the presence of Anna M. Strickler in the automobile when being driven by Floyd M. Strickler, is not a sufficiently direct and positive averment of that fact to justify us in finding under the statement that she was present in the automobile at the time. The mere averment of her ownership of the car, contained in the 2nd paragraph, does not furnish a sufficient basis for liability: Lotz *v.* Hanlon, 217 Pa. 339; Farbo *v.* Caskey, 272 Pa. 573. A distinction is drawn between automobiles used by the owner in the course of his business and those kept and used by the owner for pleasure only. This distinction is thus stated in the case of Sieber *v.* Russ Bros. Ice Cream Co., 276 Pa. 340: "We affirm the rule that in cases such as the present the burden is on plaintiff to prove defendant's ownership of the car, that the driver was his servant and that the servant was at the time engaged in the master's business: Farbo *v.* Caskey, 272 Pa. 573; Treon *v.* Shipman, *supra.* It is not necessary in all cases, however, that these elements be established by direct evidence. Where, as here, the car is used for business purposes, the fact that it bears the name of defendant, and especially if loaded with articles generally transported or used in connection with defendant's business, is sufficient to raise a presumption that it was driven by defendant's servant acting in the line of his duty. See cases cited above. In this respect there is a distinction between pleasure cars and business trucks. The former are not designed primarily for use in connection with the business of the owner and usually bear no outward evidence of ownership or use to which they are being put. They may be driven by the owner for his pleasure, but frequently are driven by members of the family or friends or employees of the owner for their individual benefit or pleasure. The fact of ownership, therefore, affords but little assistance in ascertaining the purpose for which the car was being driven on a given occasion. Hence, we have in such cases applied the rule that the mere fact that defendant was owner of a car which caused an injury furnished no foundation for his liability: Farbo *v.* Caskey, 272 Pa. 573; Markle *v.* Perot, 273 Pa. 4." See, also, Gojkovic *v.* Wageley et al., 278 Pa. 488; Felski *v.* Zeidman, 281 Pa. 419; Laubach *v.* Colley, 283 Pa. 366.

In the instant case there is no averment in the statement as to the use to which the car was devoted by the owners, though the description of the car contained in the 2nd paragraph of the statement would tend to show that it was a pleasure car maintained for family use. There is, however, in the statement no direct averment that the wife was in the car with the husband at the time of the accident in question. There is no averment as to the purpose for which the car was being used at the time of the accident, whether for a purpose common to both defendants or whether for a purpose peculiar to the husband himself. It is quite consistent with the averments of the statement that the husband may have been using it on his own business, or, at any rate, upon some business entirely independent of any service to the

wife, whether of business or of pleasure. As above stated, the averments of the statement are wholly insufficient to connect the wife with the operation of the car on the occasion of the accident in question. Under the authorities cited, we think the statement does not present a cause of action against the wife.

Under section 20 of the Practice Act of May 14, 1915, P. L. 483, the court may in such a situation "enter judgment for the defendant or make such other order as may be just." It is possible that plaintiff may have a good cause of action against both defendants, and we think probably the more just course for the court to follow is to give the plaintiff an opportunity to amend her statement to bring it within the rules laid down in this opinion, if this can be done consistently with the facts.

*Order.*

Now, to wit, Aug. 20, 1926, it is ordered, adjudged and decreed that the legal position presented on behalf of the defendants be sustained as to the defendant, Anna M. Strickler, and that no cause of action is presented by the statement of claim against the said defendant, Anna M. Strickler; and that as to said defendant, Anna M. Strickler, the said statement be stricken off and said action dismissed, unless by amendment to said statement, filed within fifteen days after the filing of this opinion and order, a legal cause of action be stated against said Anna M. Strickler; the said action to continue and said statement of claim to stand as against the defendant, Floyd M. Strickler.                                         From William F. Schutte, Beaver, Pa.