### Boone v. The Burmont Garage.

*Automobiles—Negligence of driver—Liability of owner to passenger.*

In an action by a passenger against a garage company for personal injuries sustained through the negligence of the driver of an automobile hired by her from the defendant to take her to her destination, evidence that she went to defendant's garage to get her car and there met a workman who directed her to the office, told her that her car was not in the garage, answered a 'phone call touching the business of the place and acted as one in authority, both in the office and in the garage, and gave directions to a mechanic to convey her to her destination, putting license tags on the car, is admissible to show that the workman in question was in charge by authority of the owner, and that he and the driver selected by him were engaged in the owner's business.

Motion to strike off non-suit. C. P. No. 5, Phila. Co., March T., 1923, No. 3046.

*Arthur E. I. Jackson* and *B. D. Oliensis*, for plaintiffs.

*F. Carroll Fow*, for defendant.

MARTIN, P. J., Oct. 18, 1926.—At the conclusion of plaintiffs' evidence the court granted a motion for a compulsory non-suit, which plaintiffs move to strike off.

The action was instituted to recover damages for the alleged negligence of the driver of an automobile who is claimed to have been in the employ of defendant.

The affidavit of defence admitted that defendant owned a garage, where he conducted the business of storing, repairing and letting cars for hire, and that he conducted there a "general garage business."

The plaintiff, Helen M. Boone, testified that she went to the garage, where she had arranged to meet some men with her roadster; when she arrived, the doors of the garage were open and a man in his shirt sleeves and his collar open approached her and asked, "What can I do for you?" Her car was not there, and by direction of this man she went to the office of the garage, where she waited for about half an hour, during which time the phone rang and the same man came in, answered the phone and conducted a conversation about repairs and parts of a car; he then went to a desk, made a notation on it, replaced the paper in the drawer and closed the drawer. When the men for whom she was waiting arrived, they informed her that her car was at Ard-

Boone v. The Burmont Garage.

more with the bearings burned out. She then asked this man at the garage how to get to Ardmore, and he told her he would send her there with the "mechanic." He pointed out to the "mechanic" the car he was to take, put license tags on the car and directed the "mechanic" to take the plaintiff, Helen M. Boone, to Ardmore.

Plaintiffs' counsel made several requests to place upon the record formal offers of proof, which offers were refused, but counsel stated he would prove that when Helen M. Boone came to the garage she said to the man she met, "I want to see the man in charge. . . . I came for my car, my roadster," and that the man said, "I haven't got such a car in the garage;" that she asked for her friends, whom she expected to meet there, and the man invited her to come in the office. Objections to much of this evidence were sustained, and some of it was struck out after its admission. There was evidence to establish that the plaintiff, Helen M. Boone, was injured through the negligence of the driver of the automobile while he was taking her to Ardmore.

The question for determination is whether or not there was sufficient testimony or offers of evidence to warrant an inference or presumption that the man the plaintiff, Helen M. Boone, met at the garage was in charge by authority of the owner and engaged in the conduct of the owner's business.

There are decisions that no presumption or inference that an automobile is driven by the owner's servant and in the owner's business arises from proof of ownership of the automobile: Lotz v. Hanlon, 217 Pa. 339; Farbo v. Caskey, 272 Pa. 573.

There is a departure from this rule in Haring v. Connell, 244 Pa. 439, where it was held when a car carries a dealer's license, it raises an inference or presumption that it is operated by the owner's servant and in the owner's business, due to the fact that any other use of such license is prohibited by the act of assembly and would be illegal. There has been a further departure in cases involving business vehicles, where it is held that as business automobiles are marked with the owner's name and customarily used in the owner's business, a presumption arises that the car is being operated by the owner's servant and in the owner's business: Williams v. Ludwig Floral Co., 252 Pa. 140; O'Malley v. Public Ledger Co., 257 Pa. 17; Holzheimer v. Lit Brothers, 262 Pa. 150; Sieber v. Russ Bro. Ice Cream Co., 276 Pa. 340; Gojkovic v. Wageley, 278 Pa. 488.

The doctrine enunciated in these cases is founded on the common law rule that inferences and presumptions are based upon common experience. In Dunne v. Pennsylvania R. R. Co., 249 Pa. 76, the plaintiff was permitted to recover where a boy was ordered from a moving train by a man on the top of a car, with a lantern in one hand and a stick in the other. The stick was thrown at the boy, and the man called to him in a loud tone to get off the train. This was considered sufficient to warrant the inference that the man with the lantern and stick was a brakeman and engaged in the defendant's business.

There was evidence submitted in the instant case of a public garage, where the business of storing, repairing and letting of cars for hire was conducted, and the presence of a man in his shirt sleeves, apparently a workman, and the only man then about the place, directing plaintiff to the office, answering a phone call connected with the business of the place, and acting as one in authority in the office and in the garage, giving directions to a "mechanic," selecting the car to be taken for conveying the plaintiff to Ardmore and placing license tags on the car. The expression used when plaintiff entered the garage, "What can I do for you?" would seem to be a part of the *res gestæ*

and should not be classed as hearsay. It accompanied the action of the man when he met the plaintiff at the door, and may be considered as the action of one in authority. There was evidence to support the inference that the man whom the plaintiff met at the garage was in charge by authority of the owner and engaged in the owner's business.

The motion for a compulsory non-suit should have been refused and the evidence submitted to the jury.

And now, to wit, Oct. 18, 1926, the motion is allowed and the compulsory non-suit is stricken off.