## Kuster et al. v. Stahl et al.

*Charles P. Ulrich* and *A. F. Gilbert*, for plaintiffs.
*Bloom & Bloom*, for defendants.

POTTER, P. J., Sept. 21, 1928.—We need not at this time enter into a discussion of the merits of this case, but will confine ourselves to the alleged insufficiency of the plaintiffs' statement. We have, with interest, read the statement of claim, as well as the specifications set up as to its insufficiency, and we may as well say at this time that, so far as to setting up a good cause of action is concerned, we do not think it offends against the provisions of the Practice Act of May 14, 1915, P. L. 483, and its supplements. It is terse, concise and to the point, at the same time giving to the defendants full information as to what they must meet on the trial of the case.

It was admitted on the argument of the case by counsel for the plaintiffs that the name of William Stahl was inadvertently used as one of the defendants, and in the statement of claim we can see no cause of action against him, so that his name, as one of the defendants, is hereby eliminated from the records and the case will proceed against Minnie Stahl as the sole defendant.

It is set up by the counsel for the defendant that the ownership of the defendant's car should be stated in the statement of claim. In many cases this would be an impossibility. Operators' licenses are issued by the State authorities, by which the owners of them can operate any car, and the owner of every car must have, not only his registration card, but he must also have his operator's license, with which he can operate any car. How, then, would it be possible to set up the ownership of a car from the person operating it? How would it be possible to say whether or not Minnie Stahl was the owner of the car simply from the fact that she was driving it at the time of the collision? The answer is obvious.

If the car of the defendant had been driven by a chauffeur or some one else than the defendant, then it would be necessary to allege ownership in order to attach liability for injury to the owner, and it would be necessary to show that the operator of the car at the time of the accident was engaged in the master's business.

The case of Farbo v. Caskey, 272 Pa. 573, is relied upon by the defendant in support of her contention, but the facts in that case are not at all similar to the facts in the case at bar. In that case, the car was operated by a chauffeur, and, of course, before liability could attach to the owner, it would be necessary to show who was the owner and that the chauffeur was at the time of the accident engaged in his master's business.

In the case at bar, Minnie Stahl was driving the car when the collision occurred, and she was the person sued in this action. She was responsible for the management of the car, and not some one else in the car with her. If the doctrine set up by the respected counsel for the defendant was the law of the land, it would be very difficult to institute legal proceedings against wrongdoers, for the good reason that it would be very difficult to ascertain

just who was the owner of the car involved in a collision on the part of the defense. We do not think this position tenable in the case at bar. As we view it, the driver of a car is primarily liable for injuries to others if he is at fault, unless he is engaged in service for his master, the owner of the car.

We think a further discussion of this question needless.

And now, to wit, Sept. 21, 1928, the specifications as to the insufficiency of the statement of claim are dismissed and the defendant is given fifteen days from this date to file an affidavit of defense, if she so desires, to the merits of the case, in default of which the case is ordered on the trial list for the succeeding term of this court.

An exception is noted for the defendant and a bill is sealed.