Axelrod *v.* Franklin, Appellant.

Argued March 15, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Frank R. Ambler,* and with him *Harry S. Ambler, Jr.,* for appellant.

*George H. Detweiler,* for appellee.

OPINION BY CUNNINGHAM, J., July 14, 1933:

About four o'clock on the afternoon of October 5, 1931, Jacob Axelrod, the plaintiff, employed as a driver by the Yellow Cab Company, was driving his cab north on Sixteenth Street and approaching its intersection with Chestnut Street, in the city of Philadelphia. By reason of a red light against traffic on Sixteenth Street, plaintiff stopped his cab about five feet in the rear of a five-ton truck, also temporarily halted along the western curb of that street. The name of the driver of the truck was Herman Church and when the vehicles on Sixteenth Street were signaled to proceed he found the engine of the truck he was operating had stalled. Church left his seat and proceeded to crank the motor; thereupon the truck suddenly started backwards, and, in the resulting collision with the cab, plaintiff received personal injuries.

In his action of trespass, instituted in the municipal court, plaintiff charged in his statement of claim that, at the time of the accident, the truck was being used on the business of Ethel Franklin, defendant below and appellant herein, engaged in business under the

name of "Nineteenth Street Storage Warehouse Company," and that it was in charge of her "servant, agent, workman or employe......who was at the time in the course of his employment with the defendant." Ethel Franklin filed an affidavit of defense in which she specifically denied, inter alia, that the person operating the truck was her servant, agent, or employe, or engaged upon her business.

The case was tried before a judge, sitting without a jury, who made a finding in favor of the plaintiff for damages to the amount of $487, denied defendant's motion for judgment n.o.v., and entered judgment upon the finding. From that judgment we now have this appeal by the defendant.

The judgment must be reversed; it is not merely unsupported by any competent evidence, but, actually, contrary to the uncontradicted evidence on a vital point.

Under the pleadings, plaintiff had the burden at the trial of establishing, in some adequate manner, three propositions: (a) that defendant was the owner of the truck; (b) that Church, the driver, was her servant or agent; and (c) that at the time of the accident he was engaged in and about her business and acting within the scope of his employment: Farbo v. Caskey, 272 Pa. 573, 576, 116 A. 543; Scheel v. Shaw, 252 Pa. 451, 97 A. 685; Double et ux. v. Myers, 305 Pa. 266, 157 A. 610.

There was evidence from which a trier of the facts might find that the defendant, for the purposes of this case, was the owner of the truck, and that the cause of plaintiff's injuries was the negligent operation of it by Church.

But the fact that defendant was the owner of the truck, in itself, furnishes no foundation for charging her with liability. See cases above cited; also Markle v. Perot, 273 Pa. 4, 116 A. 542, and Lotz v. Hanlon, 217 Pa. 339, 66 A. 525. The only evidence suggested

by counsel for plaintiff, as indicating defendant's liability for the negligence of Church, consists of two letters received by him from J. W. Franklin, the husband of defendant. There was evidence that he was conducting defendant's business as her agent. It seems that the truck in question was one of several which defendant was purchasing from Samuel Dutton; the certificate of title had not yet been transferred to defendant, but the insurance on the truck had been taken out in her name. Suit for the damages here claimed had been brought against Dutton as well as against defendant.

On November 11, 1931, defendant's husband wrote counsel for plaintiff informing him that Dutton had nothing to do with "the work or driving of this truck" and that he, as agent for the defendant, had charge of the truck and the work and carried the insurance.

Again, under date of March 28, 1932, defendant's husband wrote counsel for plaintiff stating that he had received notice from the municipal court, of the fixing of the case for trial on April 11th, and repeating that Dutton had nothing to do with the truck.

Passing the question, raised by counsel for defendant, relative to the admissibility of these letters as declarations of defendant's agent, made long after the date of the accident, it is clear that in neither of them was there any admission that at the time of the accident the truck was being operated on the business of the defendant, or that Church was her servant or agent. These letters differ materially from the letter admitted as evidence in the case of Harkins v. Varone, 306 Pa. 376, 378, 159 A. 860, cited and relied upon by counsel for plaintiff. In that letter there was an express admission by the defendant himself that the car there in question was being operated by defendant's son, with defendant's permission, and on his business.

Nor was there any evidence in the case at bar from

which a presumption might arise—under the cases of which Sieber v. Russ Bros. Ice Cream Co., 276 Pa. 340, 120 A. 272, is an example—that the truck was being operated by defendant's servant acting in the line of his duty. In the Sieber case, the truck bore the defendant's name and contained cans used in the transportation and delivery of ice cream. Here, there was no evidence that the truck bore the individual or trading name of defendant or any other name, or that it was loaded with anything.

Church was not available as a witness at the trial. John W. Franklin testified positively that Church was not in their employ; that he had not loaned the truck to him and did not know he had it, or that the accident had occurred, until nine o'clock in the evening. The defendant also testified she had not loaned the truck to anyone that day and that it was not being used in her business in any way when it collided with the cab. This testimony was not contradicted. The credibility of these witnesses was, of course, for the trier of the facts, but, even if he saw fit to reject their testimony as unworthy of belief, the evidence then remaining would not, for the reasons above indicated, support the judgment.

The fifth, sixth and seventh assignments, charging error in refusing defendant's request for a finding in her favor, the subsequent denial of her motion for judgment n.o.v., and the entering of judgment upon the finding, are sustained.

Judgment reversed and here entered in favor of defendant.