## Fink v. Fox

*James L. Weirbach,* for plaintiff.

*Harold Caplan, for* defendants.

KOCH, J., May 27, 1958.—The matter before us is the disposition of defendants', Gloria M. Fox and William B. Fox, motion for judgment on the pleadings. Before analyzing the grounds upon which the motion rests, it becomes necessary to refer to the history of this litigation growing out of a collision between motor vehicles operated by Wayne Arndt and Gloria M. Fox in the Borough of Emmaus on December 26, 1953.

An action in trespass was instituted on December 23, 1955, by the filing of a praecipe for a summons which subsequently issued from the prothonotary. Defendants were Gloria M. Fox, William M. Fox, also known as William B. Fox, and Liberty Motors, Inc. Service was effected on all of defendants except Liberty Motors, Inc., a then defunct corporation. On December 24, 1957, the summons was reissued and an identical return was made by the sheriff.

On July 22, 1957, a suggestion of death was filed indicating that plaintiff, Wayne Arndt, died on April 22, 1957, that letters testamentary were granted to Daisy May Fink and that this executrix be substituted as plaintiff.

A complaint executed by Wayne Arndt was filed on May 31, 1957. The affidavit indicates that the pleading was executed on February 19, 1957. An answer was filed on January 8, 1958.

The motion for judgment is based on two grounds: (1) That the complaint fails to state a cause of action upon which relief can be granted against both defendants for the reason that plaintiff did not actually or legally exist, and (2) that the complaint fails to state a cause of action against William M. Fox on which relief can be granted for the reason that nothing more than bare ownership of the vehicle was alleged.

An examination of defendants' brief persuades us that the first ground averred would more properly be regarded as a motion to strike off the complaint which should have been raised by preliminary objection under Pa. R. C. P. 1017. Because defendants chose, instead, to file an answer, any defects in this category might well be regarded as waived: Goodrich-Amram Procedural Rules Service, rule 1017(b)(1), pp.71, 72. However, rather than exercise our discretion and permit defendants to withdraw their answer and file preliminary objections, we shall dispose of the question on its merits so that the issue may reach trial at an early date.

It is true that a suit at law can be maintained only by a person who actually or legally exists and is possessed of a legal capacity to sue and of a right in, title to or beneficial interest in, the thing or matter in controversy: Thompson v. Peck, 320 Pa. 27. However, it is clear that this action *was instituted* by a living person and his status as a "party" was not dependent upon the existence of a complaint; it had arisen upon the filing of a praecipe for summons. There can be no doubt that there was a pending action within the definition of that term in Pa. R. C. P. 2351. See also 4 Anderson Pa. Civ. Pract. 538, where the following appears: "An action is deemed pending from the moment that it is commenced by the filing of a praecipe for a writ. . . ."

Defendants contend that since Pa. R. C. P. 1024 requires that the verification "shall be made by one or more of the parties *filing the pleading* . . .", no relief can be granted for the reason that Wayne Arndt was deceased at the time of the filing of the complaint. This position overlooks the important fact that Wayne Arndt became a party before the filing of the pleading.

Equally untenable is the contention that the authority of counsel ceased upon the death of plaintiff and that, consequently, he was unauthorized to endorse the pleading. Defendant, by filing an answer, waived any defects with respect to the notice to plead. Moreover, we cannot adopt the view that there is a presumption that counsel endorses the pleading on the date of filing rather than on the date of execution of a pleading. No authority has been cited for this position and our independent research has failed to disclose any.

We come then to the question whether the complaint states a cause of action against William M. Fox.

An examination of the complaint reveals that paragraph 3 alleges that the vehicle which Gloria M. Fox operated bore a Pennsylvania dealer's registration and the following paragraph indicates that William M. Fox was the owner.

The fact that defendant was the owner of the car in itself furnishes no foundation for liability: Farbo v. Caskey, 272 Pa. 573; 3 Standard Pa. Practice, §213.

It must be noted that the complaint is silent as to whether the vehicle bearing dealer's registration plates was used for business or pleasure purposes. The severe limitation on the use of such plates for business purposes as set forth in The Vehicle Code of May 1, 1929, P. L. 905, sec. 502, was amended by the Act of June 27, 1939, P. L. 1135, and the Act of August 19, 1953, P. L. 1159, 75 PS §132, and now allows the use of such tags for the personal pleasure of a dealer's

family and his employes. In Lanteigne v. Smith, 365 Pa. 132, 136, it was held:

"It can no longer be presumed that an employe driving an automobile with dealer's tags is acting within the scope of his employment since he might, with equal legality, be using the vehicle for his own personal pleasure."

Our conclusion that a cause of action against William M. Fox has not been pleaded is fortified by the fact that the original summons included Liberty Motors, Inc., as a defendant which entity, in all likelihood, was the owner of the vehicle * in question and might well have been subject to liability.

### Order

Now, May 27, 1958, pursuant to the motion for judgment on the pleadings, judgment is now entered in favor of William M. Fox, defendant, and against Daisy May Fink, executrix of the Estate of Wayne Arndt, deceased. The motion for judgment on the pleadings as to Gloria M. Fox is denied.

---

* Paragraph 4 of the answer avers that William M. Fox was not the owner of the vehicle.