Simon J. Liebowitz, J.
In this wrongful death action defendant U-Haul moves for an order of summary judgment dismissing the complaint. Defendant does not specify the grounds for dismissal but it is obvious from a reading of the papers that defendant is of the opinion that plaintiff fails to state a cause of action. The complaint pleads an action for wrongful death based upon New York law imputing the negligence of the driver < May to defendant U-Haul. Defendant contends that the law of L Pennsylvania, the place of the occurrence, is applicable. The law of Pennsylvania is to the effect that an owner of a vehicle is not responsible for the negligence of a permissive user who is not an agent or employee of the owner, citing Double v. Myers (305 Pa. 266) and Farbo v. Caskey (272 Pa. 573). Defendant alleges it is clear from the pleadings that defendant May was not an agent or employee of U-Haul and, therefore, the complaint should be dismissed.
The material facts as set forth in the complaint reveal that defendant John W. May, a resident of New York, leased a motor vehicle from defendant U-Haul, bearing a District of Columbia registration. It is not denied that the leasing arrangement took place in New York; nor is it denied that defendant U-Haul operates an automobile and truck and trailer leasing business in this State. The accident, the subject of this action, occurred on March 12, 1970 on Interstate Route 78, Township of Bethel, Berks County, Pennsylvania, while plaintiff’s intestate, a resident of Tuscaloosa, Alabama, was a passenger in the vehicle operated by defendant May.
Plaintiff’s intestate, Hertlena Rogers, suffered personal injuries which resulted in her death when defendant May lost , control of the vehicle, causing it to overturn. The Probate Court of Tuscaloosa, Alabama, issued letters to Dock Rogers who brings this action as administrator of the estate of Hertlena Rogers.
Thus the court is confronted with a conflict of law problem involving New York, Pennsylvania and Alabama. The issue, quite simply, is whether the rationale of Babcock v. Jackson (12 N Y 2d 473) and Looker v. Lopez (24 N Y 2d 569) requires the application of New York law. These two landmark cases marked the end of the lex loci delictus rule in choice of law *807 situations and introduced a new and dramatic concept in such cases. The new approach adopted what has been variously described as the 1 ‘ paramount interest, ” “ center of gravity, ’ ’ ‘ ‘ grouping of contacts ’ ’ rule, or, as now known, the ‘ ‘ interest analysis doctrine.” Simply stated, the courts will examine the contacts of the respective jurisdictions to ascertain which has a superior connection with the occurrence and thus would have a superior interest in having its policy or law applied. However, the court in the Tooker case (supra) recognized (see concurring opn. of Judge Fuld, p. 584) that it was sacrificing the absolute certainty assured by the old rule for the acknowledged inconsistency of the new approach. Anticipating the problem, Judge Fuld stated: “ The time has come, it seems to me, for us to endeavor to minimize what some have characterized as an ad hoc case-by-case approach by laying down guidelines, -as. well as we can, for the solution of guest-host conflicts problems.” However, Judge Fuld was careful to note (p. 585) that “ Guidelines of the sort suggested will not always be easy of application, nor will they furnish guidance to litigants and lower courts in all cases. They are proffered as a beginning, not as an end, to the problems of sound and fair adjudication in the troubled world of the automobile guest statute.” The facts in this case demonstrate the prophetic nature of Judge Fuld’s admonition; the factual pattern as developed in this case reveals that it does not come within the guidelines offered by the court in the Tooker case. In other words, the guidelines do not cover the situation presented here, namely, the applicable law to be applied in a case where a resident defendant operator of a motor vehicle becomes involved in an accident in a third State while riding a nonresident plaintiff passenger.
The issue thus squarely presented is, does New York under these circumstances have the superior interests in applying its law? The issue is not whether defendant May offended against a rule of the road prescribed by Pennsylvania for motorists generally or whether he violated some standard of conduct imposed by that jurisdiction, but rather whether plaintiff, because she was a guest in defendant May’s automobile, can impute his negligence to the owner, as provided under New York law. Analyzing the trend that has developed in this area of the law and reading closely the relevant cases, the court is convinced that New York has the paramount interests under the facts here presented and, therefore, will apply its law.
As noted above, the guidelines suggested by Judge Fuld in the Tooker case do not cover the facts in this case. However, *808 Judge Keating, writing for the majority, and Judge Burke in his concurring opinion in that case suggested a solution to the problem herein presented. Thus spoke Judge Keating (at pp. 576, 577): “ The policy of this State with respect to all those injured in automobile accidents is reflected in the legislative declaration which prefaces New York’s compulsory insurance law: ‘ The legislature is concerned over the rising toll of motor vehicle accidents and the suffering and loss thereby inflicted. The legislature determines that it is a matter of grave concern that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them. ’ (Vehicle and Traffic Law, § 310.) ’ ’
Judge Burke was more explicit when he referred (p. 591) to the rights of an injured person involved in the accident but who was not a party to the action. “It is not at all clear whether the majority would conclude that she too, although not a New York resident, could recover should she bring an action against this defendant. Logically, the majority might declare, as they have in this case (p. 577), that ‘ the Legislature, in requiring that insurance policies cover liability for injuries regardless of where the accident takes place * * * has evidenced commendable concern not only for the residents of this State, but residents of other States who may be injured as a result of the activities of New York residents. ’ ”
This view was recently adopted by the United States District Court of the Southern District in the case of Johnson v. Hertz Corp. (315 F. Supp. 302). There the court was likewise confronted with a choice of law situation involving a similar fact pattern presented in this case. The court decided in that case that the law of New York would apply for the benefit of a nonresident injured in another State while a passenger in an automobile operated by a New York resident. The court there determined that the public policy of this State, as expressed in our motor vehicle statutes (Vehicle and Traffic Law, §§ 310-312, 388), impels the conclusion that it will protect the innocent victims of New York vehicle registrants, whether injured or harmed in New York State or elsewhere.
Adopting the rationale of the above-cited authorities, the court rules that New York has the predominant interest in this case and that neither Pennsylvania nor Alabama has any interest in the issue at stake which weighs against the New York policy of expanded liability.
Accordingly, defendant’s motion is denied in all respects.